cause of action, and the complaint was properly dismissed upon the merits. The presumptions in this case are with the defendants, and the plaintiff must, to be entitled to question the acts of the decedent, be prepared to show that she was mentally incapacitated, and in this he has utterly failed. Mere physical weakness, and the evidence did not go beyond this, is not sufficient to show mental infirmity, and without this the plaintiff has no case. We think, however, that the judgment should be modified by striking out the words "on the merits," and, as so modified, affirmed, without costs of this appeal. All concur.

## TOMPKINS v. McGAY et al.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. ANSWER—AMENDMENT—MOTION—AFFIDAVIT OF ATTORNEY.

A motion for an amendment to an answer, supported merely by the affidavit of defendant's attorney to the effect that facts on which it is sought to base the amendment have come to the knowledge of the attorney since verifying the answer, is properly denied.

2. SAME—BRINGING IN NEW PARTY—CHANGE OF ISSUE.

Where, after an action is framed, a defendant is admitted into the action on his own motion, on condition that the prior proceedings be in no way affected, such defendant may not amend his answer so as to raise new issues, and necessitate the bringing in of another defendant.

Appeal from special term.

Action by Hamilton B. Tompkins against Robert J. McGay, impleaded with others. From an order denying a motion of defendant McGay to amend his answer, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles De Hart Brower, for appellant.
Frederick H. Man, for respondent.

PATTERSON, J. By the order from which this appeal is taken, a motion made by the defendant Robert J. McGay to be allowed to serve an amended answer to the complaint was denied. The order should be affirmed. The application was made upon an affidavit of the attorney for the defendant Robert J. McGay, in which it is stated that since the verifying of the answer it has come to the knowledge of deponent that certain facts upon which an amended answer was sought to be interposed existed. No affidavit was made by the defendant McGay, and we have held time and again that affidavits of this character are not sufficient as the foundation for motions, where the right to the relief sought by such motions must depend upon the personal knowledge of the party to the suit. The attorney may not have known of the existence of the facts, but that does not indicate that the defendant McGay was in ignorance of them at the time his original answer was made. In Ryan v. Duffy, 54 App. Div. 199, 66 N. Y. Supp. 649, we held that an objection of this character is fatal to the motion.

But apart from this objection, the application to serve the amended answer was properly denied upon the facts appearing before the court at special term. The defendant McGay was admitted into the action on his own application after it was fully framed, and his admission was upon the condition that the prior proceedings had in the action should not be affected in any way. The amendment sought to be made now changes altogether the issues in the action, and would necessitate the bringing in of another and a new defendant, and thus broaden the scope of the action, and introduce another party into the litigation, who would be able to contest the plaintiff's rights as they may have already been established. This third party would not be bound by the proceedings already had. If he were brought in, he would not be concluded by the proceedings that have already taken place in the action; and thus the condition upon which the defendant McGay was allowed to come in would, in effect, be rendered nugatory.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

(70 App. Div. 543.)

PEOPLE ex rel. NIAGARA FALLS HYDRAULIC POWER & MFG. CO. v. SMITH et al.

(Supreme Court, Appellate Division, Fourth Department. March 18, 1902.)

TAXATION—WATER RIGHTS—FRANCHISE.

    The property of a corporation consisted of lands on the bank and under the water of Niagara river above the falls, a canal leading therefrom to a point below the falls, a canal basin, sluiceways, power house, and machinery operated with water power, and lands in connection therewith, all situate within the city of Niagara Falls, and all used together as one plant. In 1896 the legislature passed an act confirming and defining the riparian rights of such corporation. *Held*, that the corporation, as riparian owner, had the right to take the waters from the river for manufacturing purposes before the passage of such act, and that such right was an element properly considered by the assessors in fixing the value of the entire property, such act not having the effect of converting such right into a nonassessable franchise.

Appeal from special term, Niagara county.

Proceedings by the people, on the relation of the Niagara Falls Hydraulic Power & Manufacturing Company, to review an assessment made by Thomas J. Smith and others, as assessors of the city of Niagara Falls. Writ quashed, and relator appeals. Affirmed.

   The following is the opinion of CHILDS, J., at special term:

    The relator is a private corporation organized under the business corporation law of 1875. It is the owner in fee of the property embraced in the assessment here sought to be reviewed, which is situate wholly within the tax district of the city of Niagara Falls, and consists of a canal and power plant, extending from a point on the Niagara river above the falls to a point on the Niagara river below the falls, such premises being used as an entirety, and embrace: First, lands under the waters of the Niagara river, near the mouth or intake of the relator's canal; second, the canal proper, being a strip of land 100 feet wide and about one mile long through the heart of the city of Niagara Falls; third, the canal basin, near the edge of the high bank of the Niagara river below the falls; fourth, a strip of land from the