ALMIRA MOONEY, as Administratrix, etc., of JOEL HOLCOMB, Deceased, Respondent, *v.* BENJAMIN E. VALENTINE, Appellant.

*Amendment of a complaint while the case is on the day calendar — when proper — costs imposed.*

Where the complaint in an action to recover damages for the wrongful killing of the plaintiff's intestate is fatally defective upon its face, because of its failure to allege that the intestate left him surviving any next of kin, and the defendant does not raise this objection by demurrer or by answer, but serves an answer contesting the plaintiff's right to recover upon the merits, the Special Term may, under section 723 of the Code of Civil Procedure, after the case has been placed upon the day calendar for trial, permit the plaintiff to amend the complaint by setting forth the allegation that the intestate left him surviving next of kin and direct that the case hold its place upon the day calendar, when it appears that the defendant will not be surprised by the amendment.

In such a case the court, as a condition of the amendment, should require the plaintiff to pay the sum of ten dollars costs of the motion.

APPEAL by the defendant, Benjamin E. Valentine, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 16th day of October, 1902, permitting the plaintiff to serve an amended complaint.

*B. E. Valentine*, for the appellant.

*Maurice V. Theall*, for the respondent.

WOODWARD, J.:

The plaintiff, as administratrix of the goods, chattels and credits which were of Joel Holcomb, deceased, brings this action to recover damages for an assault alleged to have been committed by the defendant upon Joel Holcomb, by which the death of the latter was produced. The defendant answered the complaint upon the merits and the case was upon the day calendar, when an order was granted to show cause why the plaintiff should not be permitted to amend her complaint, by alleging the fact that the deceased left him surviving next of kin, and upon the return of the order an order was granted permitting the amendment, the cause to retain its place upon the calendar, and without costs. The defendant appeals from this order.

The defect in plaintiff's complaint appeared upon its face; it did not state facts sufficient to constitute a cause of action, and this objection might properly have been taken by demurrer, though it is true that a failure to do this does not constitute a waiver of his right to raise the objection upon the trial. (Code Civ. Proc. §§ 488, 499.) The fact that it was not raised by demurrer, or by answer, may, however, properly be taken into consideration by the court in determining the proper disposition to make of a motion to amend, and we are of opinion that the learned court at Special Term did not err in permitting the plaintiff to amend her complaint, holding its place upon the calendar. The defendant has made no suggestion that he was not ready to meet the issues intended to be presented by the complaint, and the insertion of "an allegation material to the case" is specially authorized by the provisions of section 723 of the Code of Civil Procedure upon such terms as to the court may seem just. The facts before the court justified the conclusion that the defendant would not be surprised by such an allegation, the facts being familiar to the defendant, and under the circumstances the granting of the order with the imposition of slight terms only was proper. We think the interests of justice will be fully subserved by modifying the order by imposing upon the plaintiff, as a condition of the amendment, the payment of the sum

of ten dollars costs of the motion, and by affirming the order as so modified, without costs.

Goodrich, P. J., Bartlett, Hirschberg and Jenks, JJ., concurred.

Order modified by imposing the costs of the motion upon the plaintiff as a condition of the amendment, and as so modified affirmed, without costs.