(82 App. Div. 94.)

PERRY v. LEVENSON et al.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. PLEADINGS—AMENDMENT—POWER OF REFEREE—CHANGE OF CAUSE OF ACTION.
    In an action to foreclose a mechanic's lien, the contract under which the improvements were made provided that the owner should have the right to make alterations from the specifications, and the reasonable value thereof should be added to or deducted from the contract price. The complaint alleged the contract, performance, and additional work done of the value of $882. The referee, on sustaining an objection to evidence showing alterations made, allowed the complaint to be amended so as to specifically set forth the alterations. Held, that the amendments did not embody a new cause of action, and the referee had jurisdiction to allow them, under Code Civ. Proc. § 1018, giving the referee the same power as the court to allow amendments, which exists in all cases, as provided in section 723, where the amendment does not change substantially the claim or defense.

2. SAME—ALLOWANCE OF COSTS—SUFFICIENCY.
    An allowance of $50 costs by a referee on an amendment which did not materially change the cause of action stated in the complaint was sufficiently liberal.

3. BUILDING CONTRACT—DELAY IN COMPLETION—FAULT OF OWNER.
    A failure to complete a building within the time specified by the contract, which was caused by the owner's failure to comply with the requirements of the building department, which obtained an injunction and necessitated the stopping of work, and an alteration in the work previously done by the builder, and by the further neglect of the owner's

architect to furnish sufficiently detailed plans, and also a desire of the owner that the builder should finish improvements on the seventh story before the sixth, so as to permit the continued use of the latter, and where the season during which the work was done was unusually wet, and the owner made no serious complaint about the delay, and acquiesced therein, did not bar a recovery under the contract.

4. SAME—CERTIFICATE OF COMPLETION—REFUSAL TO GIVE.
A refusal of the owner's architect to give a certificate of completion of the building as required by the contract, based on the ground of plaintiff's failure to perform the work within the specified time, which refusal was shown to have been made in bad faith, did not bar a recovery by the builder.

5. SAME—SUBSTANTIAL PERFORMANCE—DEDUCTIONS FOR OMISSIONS.
Where a building contract was substantially performed, the referee, in a proceeding to foreclose the lien, was justified in making deductions for trivial omissions, and allowing a recovery for the balance.

6. SAME—ALTERATIONS—ORDER FROM ARCHITECT—CONSENT OF OWNER.
The fact that alterations from the specifications for improvements to a building were made without a written order from the architect, as required by the contract, did not preclude a recovery where the owner was present at the time they were made, and consented thereto.

7. ORDER OF REFERENCE—POWERS OF REFEREE—CONSENT TO EXERCISE—SCOPE.
A consent to an order of reference includes a consent to the proper exercise of all the powers possessed by the referee, including the amendment of pleadings.

8. MECHANIC'S LIEN—FORECLOSURE—SURVIVAL OF ACTION—CONTINUANCE WITHOUT PREJUDICE.
Under Code Civ. Proc. § 757, providing for the compulsory continuance, on motion, of a survivable cause of action, on the death of a sole plaintiff or defendant, against his representative or successor in interest, and section 3401, extending the provisions of the Code relating to the foreclosure of real property mortgages to actions to enforce mechanics' liens, the successors in interest of a deceased owner of property take subject to the lien, and the cause of action existing thereon, with proceedings had to enforce the same prior to the owner's death.

9. PLEADING—GENERAL DENIAL—SUFFICIENCY.
A denial contained in a reply that plaintiff "alleges that he denies, all and singular, the allegations in said answer which set up a counterclaim," is sufficient.

10. MECHANICS' LIENS—CLAIM OF SUBCONTRACTOR—RIGHT TO RECOVER BALANCE.
Under a building contract providing that sufficient might be withheld from the amount due the contractor to indemnify the owner from claims filed by subcontractors, the filing of such claims did not defeat the plaintiff's right to recover the balance.

11. ASSIGNMENT OF CAUSE OF ACTION—CONTINUANCE IN NAME OF PLAINTIFF.
In an action to foreclose a mechanic's lien, it appeared from plaintiff's testimony that he had assigned his cause of action about a year prior to the time of his testimony, the date of which did not appear. The action had been pending for about four years prior to the date of the referee's report, and the referee found that the assignment was made after the commencement of the action. *Held,* that the action could be continued in the name of plaintiff, under Code Civ. Proc. § 756, providing that, on a transfer of interest, the action may be continued by the original party unless the court directs otherwise.

Appeal from Special Term, New York County.

Action by Charles J. Perry against Sarah Levenson and others, revived and continued, on death of said Sarah Levenson, against

¶ 4. See Contracts, vol. 11, Cent. Dig. § 1310.

Michael Levenson, individually and as executor of her last will, and others, as her trustee, heirs at law, and devisees. From a judgment for the foreclosure of a mechanic's lien, and for deficiency judgment against Levenson as executor, pursuant to the report of a referee to whom the issues were referred, the defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Benno Loewy, for appellants.
George W. Wager, for respondent.

LAUGHLIN, J. In the month of June, 1897, Sarah Levenson was the owner of premises situated at the northwest corner of Seventy-Second street and Lexington avenue, and of the Hotel Premier, erected thereon. She was desirous of having the upper story of the hotel reconstructed, and an additional story erected, and in that month negotiated a contract with the plaintiff, a contractor and builder, for doing the work and furnishing the materials according to plans and specifications which she had caused to be prepared by an architect. By consent of the parties, work was proceeded with before the execution of the formal written contract, which was signed on or about the 29th day of June, 1897. The contract expressly provided that the owner should have the right at any time during the progress of the work to make any alterations, deviations, additions, or omissions from the specifications, drawings, or requirements of the agreement concerning the work to be done or materials to be furnished, but that in such event there should be added to or deducted from the contract price "a sum or sums equal to a fair and reasonable valuation therefor: provided, however, that no alterations, deviations, or additions shall be charged or allowed for unless the party of the first part, or said architect, shall direct in writing the making thereof." The original complaint, upon which issue was joined and the order of reference made by consent of the parties, alleged the making of the contract in writing on the 29th day of June, 1897; that it provided that the work and all extra work contemplated by the contract should be done to the satisfaction and under the direction of the architects, and that the plaintiff "has fully completed the work provided by said contract"; that additional work was done by the direction and at the request of the defendant of the reasonable value of $882.04.

Upon the trial, evidence offered by the plaintiff tending to show changes, alterations, and omissions in the work called for by the plans and specifications, made by direction of the architects or defendant's husband, who was her attorney in fact, representing her upon the work, was objected to as not within the issues, and the objection was sustained, the referee ruling that the plaintiff should have pleaded such changes, alterations, and omissions; and the reference was adjourned for the purpose of enabling the plaintiff to make an application to amend the complaint. The plaintiff then gave formal notice of a motion before the referee at the adjourned day for the amendment of the complaint in these regards, and changing

the allegation of performance of the work provided for by the contract to an allegation of performance of the work as modified. Upon the return of the motion, counsel for the defendant challenged the jurisdiction of the referee to entertain the same; but the amendment was allowed, upon the payment of $50 costs, and the amended complaint was served. The defendant answered, the plaintiff replied, and the defendant demurred to the reply. The plaintiff then moved at Special Term for judgment on the demurrer as frivolous, and the motion was granted. The parties then proceeded with the reference.

The plaintiff contended before the referee, and still contends, that no amendment was necessary, because the contract itself provided for changes, alterations, and omissions at the election of the owner, and made it the duty of the plaintiff to perform the work as thus modified. There is much force in this contention. It being the duty of the plaintiff to vary the work from the plans and specifications as directed by the defendant, her architects or representatives, it is difficult to see how the plaintiff could establish performance of his contract if he failed to comply with such directions. Smith v. Wetmore, 41 App. Div. 290, 58 N. Y. Supp. 402. Inasmuch, however, as the work was not performed in accordance with the plans and specifications as they existed at the time the contract was made, and since the allegations of the complaint were susceptible of the construction that the plaintiff's claim was that he had performed the work in accordance with those plans and specifications, and since the defendant might wish to deny that the changes, alterations, or omissions were made with her authority, the complaint should at least have been made more definite and certain, even though it could not be said that the evidence was inadmissible thereunder. The amendments which were allowed, however, did not embody a new cause of action. The plaintiff's cause of action, as alleged in the original as well as the amended complaint, was upon the contract. The amendments merely show more definitely and fully the facts constituting performance, and, in effect, they merely make the complaint more definite and certain in that respect. Under these circumstances, while the complaint was subject to attack by motion to make it more definite and certain, it is not apparent that it was insufficient to admit this evidence without amendment.

The plaintiff, however, under the ruling of the referee, was obliged to amend. A referee has the same authority to allow an amendment of the pleadings as the court has upon the trial, as distinguished from a special term for the hearing of motions; and the only limitation upon this authority seems to be that the amendment shall not change substantially the cause of action, or embrace a new one. Code Civ. Proc. §§ 723, 1018; Davis v. N. Y., L. E. & W. R. Co., 110 N. Y. 646, 17 N. E. 733; Price v. Brown, 98 N. Y. 388; Bennett v. Lake, 47 N. Y. 93; Knapp v. Fowler, 26 Hun, 200; Id., 30 Hun, 512; Wilcox v. Onondaga Savings Bank, 40 Hun, 297; Bullock v. Bemis, 40 Hun, 623. If the amendment were necessary, it thus appears that the referee possessed ample authority to allow it.

It is contended that the terms upon which the amendment was allowed were inadequate. The terms upon which an amendment

allowable by a referee shall be permitted are within his discretion, subject, of course, to review by this court. Smith v. Rathbun, 75 N. Y. 122; Van Ness v. Bush, 22 How. Prac. 481. But since the cause of action was not materially changed, the allowance was quite liberal. Hosley v. Black, 28 N. Y. 438.

By the terms of the contract, the work was to be performed by the 15th of August, 1897. It was not, in fact, completed until the 16th or 17th day of November. The appellants contend that time was of the essence of the contract, and that, by failing to complete the work within the time specified, the plaintiff has lost his right to recover. The plaintiff alleged both in the original and amended complaint that the failure to perform within the time specified was owing to delay on the part of the defendant in giving possession of the premises and in furnishing details and plans, and by reason of an injunction obtained by the department of buildings in consequence of defective and unlawful plans, and that "for numerous reasons, for which plaintiff was not accountable, defendant Levenson consented that plaintiff should proceed with the work and complete the same, and did extend the time for such completion, and same was completed as diligently and expeditiously as the delays caused by the defendant Levenson permitted." The principal delay was owing to the fact that the plans of improvement filed by the owner with the building department were in some respects materially different from those on which the contract with the plaintiff was made; and the building department forbade, and obtained an injunction preventing, the performance of the work in accordance with the plaintiff's contract, which injunction was operative for about a month. Prior to the issue of the injunction, considerable work had been done by the plaintiff in accordance with his contract, which it was necessary to alter in order to conform to the plans approved by the building department. The delay clearly arose through the fault of the owner. Further delay was caused by the failure of the owner's architects to furnish seasonably detailed plans for the ironwork. The owner desired to use the kitchen and dining rooms on the sixth floor, and, on that account, requested the plaintiff to complete the seventh story, where the new dining rooms and kitchen were to be, first. This was contrary to the original understanding, according to the testimony introduced on behalf of the plaintiff, and which the referee evidently believed, but it was acquiesced in by the plaintiff; and this manner of performing necessarily took much longer. Furthermore, it was an unusually rainy season. The evidence justified a finding that the owner made no serious complaint about the delay until November, and, fully realizing that it was not owing to the fault of the plaintiff, acquiesced therein.

The only ground assigned for the refusal of the architect to give a certificate of completion was the plaintiff's failure to perform the work within the time specified. The evidence fairly warranted a finding that this refusal was not made in good faith, and therefore the failure to obtain the certificate does not bar a recovery.

The contract price of the work was $8,000. The referee allowed a deduction of $292 for work and materials omitted by agreement

between the parties, and for some slight and unimportant omissions, and allowed $718.94 for extra work, and also interest on the balance unpaid from the date of completion. The appellants contend that there were many changes, alterations, and omissions in the work, made without the consent of the owner or her authorized agents. It would not be possible, within the reasonable bounds of this opinion, to discuss the various items, or the evidence relating thereto. For the most part, there was a conflict of evidence; the testimony adduced on behalf of the plaintiff tending to show that such changes, alterations, or omissions were either directed by the owner's husband or the architects, or acquiesced in by them. There were a few omissions, which the referee was justified in finding were made inadvertently, and were not of such a substantial character as to require or even warrant a finding that the contract was not substantially performed. He was right, therefore, in making a deduction for these items, and allowing a recovery for the balance.

The appellants also complain of the workmanship in some respects, and of the quality of the material furnished, but upon these points there was also a conflict of evidence. The referee was quite liberal to the appellants in the .deduction made, and, even though there be other small items for which a deduction should have been made, we are convinced, upon the whole, that substantial justice has been done.

There is no merit in the contention that certain changes, alterations, and omissions were not authorized because there was no written order therefor. The evidence warranted a finding that the owner, through her husband, was present and either consented to or acquiesced in all these changes.

The sole ground upon which the motion to vacate the order of reference was made was that the defendants only consented to a reference of the issues as they existed at that time. When parties consent to a reference, they consent to the exercise in a proper case of all the powers possessed by a referee, which includes the authority to amend the pleadings, as already stated. See Ballin v. Dillaye, 37 N. Y. 35–39.

The appellants opposed the motion to continue the action against them on the ground that the cause of action did not .survive the death of the owner, and they also claimed that the order was erroneous in providing that it was to be without prejudice to the proceedings already had. The appellants, as the successors in interest of the deceased owner, took subject to the lien and cause of action existing against her, as well as the proceedings had to enforce the same prior to her death. Code Civ. Proc. §§ 757, 3401; Moore v. Hamilton, 44 N. Y. 666. The appellants rely on the case of Leavy ·v. Gardner, 63 N. Y. 624; but that was a special proceeding to enforce a lien under chapter 500, p. 859, of the Laws of 1863, and it was there held that section 121 of the Code of Procedure, permitting a revival of actions, did not apply to such a special proceeding. It is manifest that this has no application to a suit to foreclose a mechanic's lien under the Code of Civil Procedure.

It is contended that the plaintiff's reply was demurrable because it did not contain a denial of the material allegations of the counter-

claims. This claim is based upon the form of the denial, which is that the plaintiff, replying to the defendants' counterclaims, "alleges that he denies, all and singular, the allegations in said answer which set up a counterclaim." While this form of denial is not commendable, we have held that it is sufficient. Pray v. Todd, 71 App. Div. 391, 75 N. Y. Supp. 947. It is claimed that the demurrer was well founded, because the reply, instead of denying the allegations of each counterclaim separately, referred to them specifically, and embraced them all in one denial. The demurrer was clearly frivolous, and judgment thereupon accordingly was properly given. Section 537, Code Civ. Proc.

The contract provided that if, at the time any payment became due on the contract, any lien had been filed, or the owner had notice of any claim against the contractor, sufficient might be withheld to indemnify the owner against such lien or claim. It does not appear that, at the time the final payment on this contract became due, any lien had been filed, or that notice of any claim against the contractor had been given to the owner; nor was payment withheld on either of these grounds. Subsequently other liens were filed, which have been allowed by the referee, and deducted from the amount owing to the plaintiff. Manifestly this should not defeat the plaintiff's right of recovery for the balance.

It appears from the testimony of the plaintiff that about a year prior to the time he was testifying he assigned this cause of action. The claim is made that the action is not prosecuted in the name of the real party in interest, and that the plaintiff is not entitled to recover, on account of a provision of the contract to the effect that upon an assignment of the contract, or any moneys to grow due thereunder, the owner might withhold sufficient to indemnify her against such assignment. The record does not show on what day the testimony of the plaintiff to the effect that he had assigned the contract about a year before was given, and, inasmuch as the action was pending nearly four years before the referee made his report, we cannot infer that such assignment was made before the commencement of the action; and the referee, in his opinion, states that it was not. If the assignment was made after the commencement of the action, in the absence of a substitution of parties it could be continued in the name of the plaintiff. Code Civ. Proc. § 756.

The appellants complain that interest has been allowed on unliquidated claims for extra work from the time of the completion of the contract. In the main, it appears that the extra work was performed on an agreement as to the compensation to be paid therefor. It may be that part of this claim was unliquidated. The appellants, however, refer us to no evidence clearly showing the fact, and we find none. Of course, interest is not allowable on unliquidated claims of this kind; but, if any such interest has been allowed, it must necessarily be trivial in amount, and our attention has not been drawn to any evidence on this subject which would warrant us in modifying the judgment by deducting any amount on account of interest erroneously allowed.

The judgment should be affirmed, with costs. All concur.