## BARNUM v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department.  March 4, 1904.)

1. COMPLAINT—AMENDMENT—CHANGING CAUSE OF ACTION.

An amended complaint does not change the cause of action, though the original complaint alleges full performance of the contract sued on, while the amended complaint pleads performance in part, and excuse for nonperformance of the remainder; the cause of action in both complaints arising out of work done and materials furnished under the same contract, and the relief demanded—for the contract price—remaining unchanged.

2. SAME—MOTION BEFORE REFEREE.

A motion before a referee for amendment of the complaint, being made on the day agreed on by the parties as the first day for hearing the reference, is to be regarded as made at the beginning of the trial, and not before it.

3. SAME—AMENDMENT AT TRIAL.

Where, at the beginning of a trial before a referee, which is to go on from day to day, as provided in the order of reference, a motion to amend the complaint is made, the amendment is made at the trial, though the motion is not decided till another day of the hearing.

4. SAME—SHOWING IN APPLICATION.

An application for leave to amend the complaint, in an action by the assignee of a claim under a building contract, to allege, in place of full performance, performance in part, and excuse for nonperformance of the remainder, makes a sufficient showing; the assignor making affidavit that he did not make a full and detailed statement of the facts to plaintiff's attorney till he was requested to aid in the preparation of the case for trial; plaintiff's attorney making affidavit that only a general statement of the facts was made by the assignor to plaintiff till he commenced preparation for trial; and there being no affidavits contra, and no evidence of laches or delay injurious to defendant.

5. SAME—REVIEW OF ACTION BY REFEREE.

The court at Special Term has no power to review, on motion, action of the referee in allowing an amendment of the complaint.

Appeal from Special Term.

Action by Joshua W. Barnum against John T. Williams. From an order refusing to strike the amended complaint, defendant appeals. Dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Richard T. Green, for appellant.

John J. Kuhn, for respondent.

JENKS, J.  This is an appeal from an order of the Special Term denying defendant's motion to strike out the amended complaint herein, and authorizing the defendant to treat it as a nullity. The action had been sent to a referee to hear and to determine. The plaintiff noticed a motion to amend his complaint for the first day appointed for the hear-

ing. The referee heard the motion, reserved his decision, and at the next hearing granted it. Thereupon the defendant, having protested against the grant of the motion, moved before the Special Term as heretofore stated.

The referee was clothed with the powers of the court upon the trial. The sole limitations upon him were that the amendment allowed should not change substantially the cause of action, or set forth a new cause of action. Code Civ. Proc. §§ 723, 1018; Perry v. Levenson, 82 App. Div. 94, 98, 81 N. Y. Supp. 586, and authorities cited.

I am of opinion that the amendment allowed was within the power of the referee. The original complaint set forth a contract between the plaintiff's assignor, the Hecla Iron Company, and the defendant, for work to be done and for materials to be furnished by the said company for the defendant. It alleged the beginning of the work, and progress thereon until further performance was prevented by the united strike of the company's workmen in consequence of some difference with the defendant, whereby the performance was delayed and suspended. It alleged full performance by the said assignor, failure and refusal on the part of the defendant, and a violation of the contract on his part, by notice, dated October 6, 1902, of termination of the contract, sent to the said company. It alleged that on October 24, 1902, the assignor, at defendant's request, delivered to him the remainder of the material. It also alleged certain further services, the indebtedness of the defendant, and finally demanded judgment for $17,586. The defendant answered. The amended complaint sets forth the contract for the said work; alleges the beginning of the performance thereof; states that the Hecla Ironworks fabricated all of the material, and was ready to set it within the stipulated time, but that the defendant prevented such erection, and that the building was on April 1st, until May 1st, in such condition that it was impossible for the Hecla Ironworks to commence the erection. It alleges that on or about May 1st the Hecla Ironworks was permitted by the defendant to enter upon the erection, that the building was in condition to permit the commencement of such erection, and that the Hecla Ironworks was then entitled to have a reasonable time to complete the contract. It alleges that the Hecla Ironworks then began, and made due progress in, the work of erection, but was delayed from time to time by the condition of the building, and was still at the work on July 2, 1902, and that the reasonable time for performance had not then expired. It alleges that on July 7th the men employed by the Hecla Ironworks and the men employed by other contractors upon the building struck work because of something the defendant had done or left undone, that the strike was of a certain union, and that; in consequence, work under the contract was made impossible—was delayed and was suspended. It alleges that on October 6, 1902, the strike was still on, and in consequence the Hecla Ironworks had not completed the erection of the material; that on that day the defendant sent to the Hecla Ironworks a certain notice of termination; and that thereafter he asked for and received from the Hecla Ironworks the "balance" of the material fabricated, and erected the same. Then follows substantially the same allegation of indebtedness as is set forth in the original complaint, and a demand for judgment in a similar amount.

Thus it appears that the amended complaint varies from the original complaint, in that it pleaded performance in part, and pleaded excuse for nonperformance. The cause of action pleaded in both complaints arose out of work done and materials furnished under the same contract, which had not been paid for. The relief demanded was unchanged, and was for the identical contract price. In Davis v. N. Y., L. E. & W. R. Co., 110 N. Y. 646, 17 N. E. 733 (more fully reported in 15 Civ. Proc. R. 62), the court say:

"It is a fair test to determine whether a new cause of action is alleged in the amended complaint, that a recovery had upon the original complaint would have been a bar to any recovery under the amended complaint."

Now, it cannot for a moment be contended that a recovery by the Hecla Ironworks under the original complaint would not be a bar to any recovery under the amended complaint. Abbott, in his Brief on the Pleadings, says:

"A complaint on an express contract, alleging plaintiff's performance, does not let in evidence of an excuse for plaintiff's nonperformance. Nor, under such complaint, can excuse be shown in rebuttal, where plaintiff's nonperformance is set up as a defense. But amendment may be allowed so as to let in the evidence, if the adverse party is not thereby materially injured." Citing Hosley v. Black, 28 N. Y. 438; s. p. Dauchy v. Tyler, 15 How. Prac. 399; Lefler v. Sherwood, 21 Hun, 573.

In Nichols v. S. S. Co., 137 N. Y. 471, 480, 33 N. E. 561, 563, the court, per Peckham, J., say:

"Under the amended complaint, the demand for judgment was substantially the same as in the original, and based upon the same contract price for the same amount of iron, delivered at the same times, and for which payments had been made in the same amounts. There were, however, certain additional facts set up in the amended complaint, the effect of which would show that the July contract set up by defendant as a defense to the suit did in reality furnish no defense, but permitted the plaintiff to recover according to the provision of the contract of December, 1889. This proves no different and separate cause of action."

See, too, Elting v. Dayton, 67 Hun, 425, 427, 22 N. Y. Supp. 154.

The learned counsel for the appellant insists that the motion to amend the complaint before the referee was made before the trial, and therefore that the referee had no power to grant it. As the motion was made on October 13th, the day agreed upon by the parties as the first day for the hearing of the reference, I think that it must be regarded as if made at the beginning of the trial, and not before it. In Shannon v. Pickell, 2 N. Y. St. Rep. 160—the sole case cited on this point by the learned counsel—the motion to amend was granted, and the court suspended the case, and put it over the term. The case was brought to trial at another term of court. For these reasons, the appellate court did not regard the amendment as made at the trial. This is different from a trial before the referee, which was to go on from day to day, as provided in the order of reference. It cannot be said that a motion made at one hearing, and not decided until another hearing, is not made at the trial, any more than such point could be made if a trial court, upon entertaining a motion made at the time of trial, took time pending the trial to con-

sider it. Moreover, it appears in this case that the learned counsel for the defendant stated to the plaintiff's attorney or his representative that he would not appear on the hearing when the motion was to be made, but would submit a brief or affidavit, and that he did submit a brief.

The learned counsel for the appellant insists that the moving papers before the referee are insufficient, and cites several cases to sustain his proposition. I shall consider them: In Ryan v. Duffy, 54 App. Div. 199, 66 N. Y. Supp. 649, the affidavit was made by the attorney only, and the decision turned upon this fact. Such, too, was the pivotal fact in Tompkins v. Continental National Bank, 71 App. Div. 330, 75 N. Y. Supp. 1099, and in Mutual Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112. The three other cases to which we are referred by the learned counsel are those cited by the court in Mutual Loan Ass'n v. Lesser, supra. In Cocks v. Radford, 13 Abb. Prac. 207, the defendant was held guilty of delay and laches, and it was shown that he knew of the defense when he interposed the original answer. In Harrington v. Slade, 22 Barb. 161, the defendant did not state that he was ignorant of the new facts set up when he put in his original answer, or that, "if known to him at that time, they were omitted by mistake or inadvertence." In Stedeker v. Bernard, 10 Daly, 466, the original answer was stricken out as frivolous, and the defendant was not permitted to interpose an answer that pleaded another defense known to him when he put in the original answer, and by him purposely withheld. The rule is expressed in Mutual Loan Ass'n v. Lesser, supra, as follows:

"When the time for a party to amend a pleading as of course expires, and an application to the court is necessary, the moving party must show some good and sufficient ground for the exercise of the discretion of the court in his favor, and ordinarily he will not be permitted to set up matters of which he had full knowledge at the time of interposing the original pleading."

In the case at bar there is an affidavit of the secretary of the Helca Ironworks that he did not make a full and detailed statement of the facts to the plaintiff's attorney until September, 1903, when he was requested to aid in the preparation of the case for trial. There is also an affidavit of the plaintiff's attorney that a general statement of the facts was made by the president of the assignor to the assignee, but that the facts were not stated in detail to him until he commenced preparation for trial. I find no affidavits contra in the record. There is no evidence of any laches or injurious delay to the defendant. I think that the application may be said to be within the rule.

So far as the terms are concerned, I think that they represent a fair exercise of discretion by the referee. See Mooney v. Valentine, 79 App. Div. 41, 79 N. Y. Supp. 698.

Finally, the court at Special Term had no power to review upon motion this action of the referee (Knapp v. Fowler, 26 Hun, 200), but nevertheless I have seen fit to consider this appeal upon the merits.

The appeal should be dismissed, with costs.

Appeal dismissed, with $10 costs and disbursements. All concur.