GROPP v. GREAT ATLANTIC & PACIFIC TEA CO.

(Supreme Court, Appellate Division, First Department. December 9, 1910.)

1. PLEADING (§ 237*)—AMENDMENTS—COMPLAINT—NEW CAUSE OF ACTION—
PERSONAL INJURY ACTION.
The original complaint in an action for injuries by being knocked down in the street by defendant's horse alleged that plaintiff's injuries were caused solely by the negligent manner in which the horse was being driven

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at the time. An amendment was allowed, which alleged that the horse was unruly, unmanageable, and vicious, all of which defendant knew, or ought, with reasonable care, to have known. *Held*, that under Code Civ. Proc. § 723, authorizing amendments to conform the pleading to the proof, where the amendment does not substantially change the claim, that the amendment was properly allowed, as it did not substitute a new cause of action, but merely alleged an additional ground of negligence in driving a vicious horse in a street.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 608; Dec. Dig. § 237.*]

2. PLEADING (§ 248*)—AMENDMENTS—COMPLAINT—NEW CAUSE OF ACTION.
The test of whether an amendment to a complaint sets up a new cause of action is whether a recovery on the original complaint would bar a recovery under the amended complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

3. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—USE BY ANIMALS.
The owner of a horse was bound to use reasonable care in its management and control to prevent injuring a pedestrian in the street, and is liable in damages for failure to do so.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

4. ANIMALS (§ 70*)—PERSONAL INJURIES—KNOWLEDGE OF VICIOUS PROPENSITIES.
The owner of a domestic animal must take notice of the general propensities of animals of that class, as well as of the propensities peculiar to his own animal, and must take precaution to prevent injuries therefrom, if they be such as would be likely to cause injury, and is liable for its failure to do so.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 228–237; Dec. Dig. § 70.*]

5. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—ANIMALS.
The owner of a dangerous animal permits it at his peril to go on the streets of a city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

6. PRINCIPAL AND AGENT (§ 177*)—INJURIES TO THIRD PERSONS—MASTER'S KNOWLEDGE OF DANGER—IMPUTED KNOWLEDGE.
A servant's knowledge of the vicious propensities of a horse when driven on the street is imputable to his employer, so as to make the latter liable for injuries resulting therefrom.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 670–679; Dec. Dig. § 177.*]

7. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—RUNAWAY HORSE—NEGLIGENCE—QUESTION FOR JURY.
Where defendant's horse would rear and try to break away every time he was driven on the streets, and was afraid of trolley and elevated railroad cars, as well as of pieces of paper in the street, the question whether defendant, with such knowledge, was negligent in driving the horse in a public street, where it was thus liable to be frightened, was for the jury in an action against the owner for injuries by being struck by the horse while running away.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

8. PLEADING (§ 245*)—AMENDMENTS—COMPLAINT—SURPRISE.
Where, in an action for injuries by being struck by a runaway horse in the streets, in which the original complaint alleged negligence in driv-

ing the horse, defendant's own witness testified to the vicious propensities of the horse, and plaintiff served a notice twenty days before trial that he would move at trial to amend the complaint by alleging that the horse was unruly and vicious, defendant could not have been surprised by the allowance of such amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 653-675; Dec. Dig. § 245.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Henry E. Gropp against the Great Atlantic & Pacific Tea Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

William H. Peck, for appellant.

Don R. Almy, for respondent.

McLAUGHLIN, J. The plaintiff, while lawfully using one of the public streets in the city of New York, was knocked down and injured by a horse owned by the defendant, and brought this action to recover the damages sustained thereby. He had a verdict of $5,500, and from the judgment entered thereon and an order denying a motion for a new trial defendant appeals.

The complaint, in the form in which it was at the time when the parties went to trial, charged that the plaintiff's injuries were caused solely through the careless, reckless, and negligent manner in which the horse was being driven at the time in question. These allegations were put in issue by the answer. At the trial, after plaintiff rested, defendant produced as a witness the driver of the horse, who testified that at the time plaintiff was injured the horse was running away; that he had, a short time prior thereto, become frightened at some object in the street and gotten beyond his control; that he did the best he could to hold him and prevent running into plaintiff, but was unable to do so; that he had never run away with him before, but he had had trouble with him; that he would shy at everything in the street, and would not stand under the elevated railroad, and would try to get away. On cross-examination he testified that every time he drove him the horse would stand on his hind legs and try to get away; that he was afraid of trolley cars, would not stand under the elevated railroad, would become frightened at pieces of paper in the gutter; and that he had once started to run away, but was stopped by a police officer. After both parties had rested, defendant's counsel moved to dismiss the complaint on the ground that there was no evidence of negligence on the part of the defendant, and it affirmatively appeared that the horse was at the time running away, and had gotten beyond control of the driver without fault on his part. Plaintiff's counsel thereupon, at the suggestion of the learned trial justice, moved to amend the complaint by inserting an allegation therein to the effect that the horse was "unruly, unmanageable and vicious," all of which the defendant knew

or ought, in the exercise of reasonable care, to have known. The amendment was objected to by defendant's counsel, but the objection was overruled and an exception taken, and the amendment granted. This exception presents the principal question raised on the appeal; the contention being that the amendment substituted an entirely new cause of action.

I am of the opinion that under the facts presented the court had the power to (Code Civ. Proc. § 723) and properly granted the motion to amend. Davis v. N. Y., L. E. & W. R. R. Co., 110 N. Y. 646, 17 N. E. 733; Lustig v. N. Y., L. E. & W. R. R. Co., 65 Hun, 547, 20 N. Y. Supp. 477; Martin v. Home Bank, 160 N. Y. 190, 54 N. E. 717; 1 Ency. Pleadings & Practice, 564; Barnum v. Williams, 91 App. Div. 464, 86 N. Y. Supp. 821. The amendment did not, in my opinion, substitute a new cause of action. The same judgment was demanded, and plaintiff's claim thereto was based upon the same injury caused to him at the same time and place by the wrongful act of the defendant. The original complaint was simply amplified by setting forth additional facts why the plaintiff should recover. The complaint, before the amendment, sought a recovery on the ground of negligence—that is, the negligent manner in which the horse was driven—and after amendment it sought a recovery upon the same and an additional ground, which additional ground was the negligence in attempting to drive, upon a public streeet, a vicious horse which was likely to run away and do injury to others. In determining whether or not a new cause of action is introduced, the test as laid down in Davis v. N. Y., L. E. & W. R. R. Co., supra, is:

"A fair test to determine as to whether a proposed amendment of a complaint is allowable under the provision of the Code of Civil Procedure (section 723) in reference to such amendments, or whether it sets up a new cause of action, is, would a recovery on the original complaint be a bar to a recovery under the amended complaint?"

If that test be here applied, it seems to me clear, as heretofore said, that a new cause of action was not introduced by the amendment. The defendant owed the plaintiff a duty, which was to use reasonable care in the management and control of the horse which injured him, and, if he did not do this, then he was answerable in damages. The court in referring to this rule in Vandenburgh v. Truax, 4 Denio, 464, 47 Am. Dec. 268, said:

"It may be laid down as a general rule that when one does an illegal or mischievous act which is likely to prove injurious to others, and when he does a legal act in such a careless and improper manner that injury to third persons may probably ensue, he is answerable in some form of action for all the consequences which may directly and naturally result from his conduct. * * * It is not necessary that he should intend to do the particular injury which follows, nor, indeed, any injury at all."

This rule was applied in Dickson v. McCoy, 39 N. Y. 400, where plaintiff, while using one of the streets in the city of Troy, was injured by defendant's horse, which was unattended upon the streeet. The complaint in that case alleged that the horse was of a malicious and mischievous disposition and accustomed to attack and injure mankind,

but the proof failed to sustain this allegation.  The court, however, held that this was not material; that "it is not necessary that a horse should be vicious to make the owner responsible for injury done by him through the owner's negligence.  The vice of the animal is an essential fact only when but for the conduct of it the owner would be free from fault."  The owner of a domestic animal is bound to take notice, not only of the general propensities of the class to which it belongs, but also of any particular propensities peculiar to the animal itself, and, if such propensities are of a nature to cause injury, he must anticipate and guard against them.  Hammond v. Melton, 42 Ill. App. 187.  If the animal be given an opportunity to exercise such propensities, through the negligence of the owner, he will be liable to persons injured without fault on their part.  Mills v. Bunke, 59 App. Div. 39, 69 N. Y. Supp. 96; Thomas, Neg. 508.  A party who puts a dangerous animal upon the streets of a public city does so at his peril. Mahoney v. Dyer, 84 Hun, 348, 32 N. Y. Supp. 346.

Here, the horse in question had manifested a disposition to run away every time he had been driven upon the street, which fact was well known to the defendant's servant to whom was intrusted its care and management.  The servant's knowledge on this subject was the knowledge of the master.  Clowdis v. Fresno Flume Co., 118 Cal. 315, 50 Pac. 373, 62 Am. St. Rep. 238; Brice v. Bauer, 108 N. Y. 428, 15 N. E. 695, 2 Am. St. Rep. 454.  Did the defendant, having this knowledge, act as an ordinarily prudent man would act in driving this horse upon the street at the time and place in question?  The answer was for the jury (West v. Woodruff, 112 App. Div. 133, 97 N. Y. Supp. 1054; Conway v. Rheims, 107 App. Div. 289, 95 N. Y. Supp. 119), and the same was properly left to them.

Nor was the defendant surprised by the amendment.  His own witness furnished the proof as to the vicious propensity of the horse and its disposition to run away every time it was driven upon the street, and, besides, 20 days before the trial the plaintiff served upon the defendant a notice that upon the trial of the action he would move to amend the bill of particulars "by alleging further the following, to wit: That the said horse was untame, unruly, unmanageable, and vicious."  The allegation introduced by the amendment was treated as denied by the answer.  This clearly appears from the issues submitted to the jury.

I am of the opinion that the judgment and order appealed from are right, and should be affirmed, with costs.

MILLER and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting).  The action as originally brought was based purely upon the negligence of the defendant's driver in driving the horse and wagon which caused the injury for which the action was brought.

The complaint alleged that on the 19th day of December, 1907, while the plaintiff was lawfully upon the highway, he was run into, knocked down, and run over by a horse and wagon owned or operated

by the defendant without any fault or negligence on his part, but solely through the fault, carelessness, recklessness and negligence of the defendant, its agent, servant, or employé in charge of the same; and by reason thereof the plaintiff sustained injuries, and that the defendant, its agent, servant, and employé in charge of the said horse and wagon violated certain ordinances of the city of New York, by reason of which the plaintiff was injured.

The plaintiff sought to prove this cause of action, and at the end of the plaintiff's case the defendant moved to dismiss the complaint on the ground that there was no evidence of negligence on the part of the · defendant, and that the evidence is that the plaintiff was guilty of contributory negligence. This motion was denied, and the defendant excepted. The defendant then introduced evidence which tended to show that the driver was not negligent, but in the course of that evidence it appeared that the horse that caused the injury had been driven for five or six days before the accident; that the driver left the wagon in the street, and went into a drug store to get a prescription; that on his way back from the drug store to the defendant's place of business a switchman, giving signals to a street car with a red and white lamp, caused the horse to shy at this lamp, then the horse started on a run; that the driver was unable to control him, and while thus running away the plaintiff was run over; that this horse had never run away before, but several times had shied at cars and other obstructions in the street. There was other evidence to show that the horse was nervous and excitable and difficult to control. The driver had driven horses in New York about a year and a half before the accident; and on cross-examination the driver testified that the horse was frightened at the elevated trains and the trolley cars, and would shy at paper in the roadway.

At the end of all the testimony the defendant renewed his motion to dismiss the complaint, when the court suggested that he would permit an amendment to the complaint and make it "a case of a runaway and knowledge on the part of the owner of the horse that it was a dangerous horse." In that the plaintiff acquiesced, but the defendant strenuously objected, claiming that it was an entire change of the cause of action which the defendant had not come prepared to try and was therefore surprised, and was not prepared to meet such issue, as he had no notice that any such issue would be presented. The court stated that the amendment made a different cause of action altogether, whereupon the defendant again insisted that the court had no power to allow the amendment, that he was taken wholly by surprise and had not come prepared to meet any such issue, but the court granted the motion to amend the complaint, to which the defendant excepted. The defendant then moved to dismiss the complaint upon the ground that the evidence was not sufficient to sustain the cause of action based upon the character of the horse. The plaintiff then elected to proceed upon the new cause of action, when the defendant moved to withdraw a juror, on the ground of surprise, which motion was denied, and the defendant excepted.

I am inclined to think that the effect of this amendment was to set up a new and entirely different cause of action based, not upon the negligence of the driver, the cause of action alleged in the complaint, but upon an obligation imposed by law upon one keeping or harboring a vicious animal, which does not depend upon negligence.

In Molloy v. Starin, 191 N. Y. 21, 83 N. E. 588, 16 L. R. A. (N. S.) 445, the Court of Appeals said that the owner of a wild animal of a dangerous character, or the owner of a domestic animal known to be vicious, is absolutely liable for injuries done by such animal to another, unless the injury was brought upon him by his own conduct, and this liability exists no matter how much care was taken by the owner of the animal for the purpose of preventing the injury.

This being the basis of the defendant's liability, it seems to me clear that it is a distinct cause of action from an action for the negligent use of an animal not of a vicious disposition which caused an injury, and that it was error, therefore, to allow such an amendment to be made upon the trial without giving the defendant an opportunity of answering the new cause of action alleged and of making proper preparations to meet it on the trial. The evidence upon which this recovery is based was brought out on cross-examination of the defendant's witnesses, and no notice had been given to the defendant that he would be required to prove the character of the horse. Assuming that there was evidence to sustain a verdict, based upon the vicious character of the horse, the defendant has never had an opportunity to meet that issue. If such a cause of action was alleged by an amendment allowed upon the trial, the defendant had certainly a right to interpose an answer to it. He was given no such opportunity, but the case was submitted to the jury upon a question which was not involved upon the pleadings, when the evidence was given and the defendant had no opportunity of procuring evidence to meet the plaintiff's substituted claim.

It seems to me that it is a gross injustice to thus change the basis of recovery without allowing the defendant to answer the amended complaint and meet the new issue framed by the amendment. I also think the evidence insufficient to sustain a verdict upon the new cause of action which was allowed to be set up by this amendment. The injury was caused by the horse running away, not by his nervous action or his shying at the elevated railroad or the surface cars. The evidence is undisputed that this was the first time that the horse had run away since he had been in possession of defendant. The fact that he was a nervous horse, in the habit of shying at vehicles to which he was not accustomed, would not justify the defendant in anticipating that he would run away, when he had never attempted to run before the time of the occurrence in question, and I do not think, therefore, the verdict was sustained by the evidence.

LAUGHLIN, J. I dissent on the ground that in my opinion by the amendment an additional cause of negligence is specified but not a new cause of action; and that an amended complaint setting it forth should have been served, and the defendant should have been permitted to answer.