(157 App. Div. 346.)

### GROPP v. GREAT ATLANTIC & PACIFIC TEA CO.

(Supreme Court, Appellate Division, First Department.    June 6, 1913.)

MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—NEGLIGENT MANAGEMENT OF HORSES—EVIDENCE.

An action for injuries to a pedestrian, run over by a horse, based on the ground that the driver was negligent, is dissociated from any liability for the keeping of a vicious horse, and it is error to submit evidence of the viciousness of the horse to the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Trial Term, New York County.

Action by Henry E. Gropp against the Great Atlantic & Pacific Tea Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William H. Peck, of New York City, for appellant.

Don R. Almy, of New York City, for respondent.

DOWLING, J. The action is one in negligence; plaintiff claiming that he sustained injuries by being run over by a horse and wagon under the control of defendant's servant, and solely through the negligence of the latter. The facts sufficiently appear herein upon a prior appeal, reported in 141 App. Div. 372, 126 N. Y. Supp. 211.

Upon the prior trial the complaint had been amended by inserting therein an allegation to the effect that the horse in question was unruly, unmanageable, and vicious, all of which the defendant knew, or ought, in the exercise of reasonable care, to have known. By a divided court it was held that such amendment was a proper one to be made, and the judgment appealed from was affirmed. The Court of Appeals (205 N. Y. 617, 98 N. E. 1103) reversed the judgment and granted a new trial, on the ground that the amendment of the complaint allowed by the trial court introduced a new and different cause of action, as to which that court concurred in the dissenting opinion of the Presiding Justice of this court. In that dissenting opinion it was held that the amendment set up a new and entirely different cause of action, based, not upon the negligence of the driver (the cause of action alleged in the complaint), but upon the obligation imposed by law upon one keeping or harboring a vicious animal, which does not depend upon negligence.

Upon the present trial, no amendment of the complaint was sought, and the trial proceeded upon the original complaint, which was based solely upon negligence. Despite this fact, and the further fact that the Court of Appeals had called attention to the distinction between the action in negligence, which was pleaded, and the action for keeping a vicious animal, which was sought to be made the basis of defendant's liability, the entire question of whether or not the horse was a vicious one, or one which was apt to shy and become unmanageable, was developed by the cross-examination of the defendant's witnesses at length, although attention was repeatedly called to the fact that this was an effort to bring in issues which it had already been determined were not properly in the case.

Furthermore, the learned court, over the objection of defendant's counsel, specifically charged the jury as to the duties of the owner of a domestic animal to take notice of the general propensities, not only of the class, but of the animal itself, and as to the knowledge or lack of knowledge of defendant's driver of the fact that the horse was unruly and unmanageable and easily frightened, as bearing on the question of defendant's liability. This cause of action having been declared to be one solely in negligence, entirely dissociated from any liability for the keeping of an unmanageable or vicious horse, the admission of this testimony and the charge of the court thereupon constituted reversible error.

The judgment and order appealed from will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

INGRAHAM, P. J. I concur with Mr. Justice DOWLING, but I am also of the opinion that the judgment should be reversed on the ground that the plaintiff failed to establish any negligence of the defendant. I think it clearly appears from the evidence that the defendant was driving the horse in a safe and proper manner, but that the horse escaped from his control, and that the finding that the driver was negligent was without evidence to support it.