(161 App. Div. 859)

### GROPP v. GREAT ATLANTIC & PACIFIC TEA CO.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

1. PLEADING (§ 369*)—MOTIONS TO ELECT—INCONSISTENT CAUSES OF ACTION.
    Where plaintiff was run down and injured by defendant's horse and wagon, there is no inconsistency, requiring an election, between a cause of action counting on the negligence of the driver and another counting on the negligence of defendant in sending upon the public streets an unmanageable and vicious horse, which could not be controlled.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. § 369.*]

2. APPEAL AND ERROR (§ 1201*)—AMENDMENTS OF PLEADING AFTER APPEAL.
    The original complaint in an action for injuries to plaintiff from being knocked down by defendant's horse alleged that the driver was negligent. The evidence did not show the driver's negligence, but showed that the habitual viciousness of the horse rendered him unmanageable, and a trial amendment stating that cause of action was allowed. Upon appeal, judgment was reversed on the ground that the amendment stated a new cause of action; and a second judgment upon new trial was reversed, because evidence of the viciousness of the horse was received without the complaint having been amended. *Held,* that as the evidence on both trials showed defendant's negligence, and the whole case was developed, plaintiff, upon payment of costs of the second appeal, is entitled to amend; defendant not having been prejudiced by his laches.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4673, 4677–4683; Dec. Dig. § 1201.*]

    Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Henry E. Gropp against the Great Atlantic & Pacific Tea Company. From an order allowing plaintiff to serve an amended com-

plaint, pleading a second cause of action (83 Misc. Rep. 374, 145 N. Y. Supp. 959), defendant appeals.   Modified and affirmed.

See, also, 148 N. Y. Supp. ——.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

William H. Peck, of New York City, for appellant.

William S. Evans, of New York City, for respondent.

LAUGHLIN, J.   The complaint upon which this action was first brought to trial charges that the plaintiff was run into and knocked down in a public street by a horse and wagon owned by and engaged in the business of the defendant, and solely through the carelessness and negligence of the defendant and its employé in charge of the horse, and by reason of the fact that the horse was being driven at the time in violation of a city ordinance, which charge, it appeared by the evidence, was predicated on the fact that the horse and vehicle were on the wrong side of the street. . On that trial the defendant called the driver as a witness, and he testified that the horse became frightened and unmanageable, and was running away when the accident occurred. It appeared on cross-examination of the driver that the horse was very skittish and manifested a disposition to run away whenever driven.

At the close of the evidence, a motion to dismiss the complaint was made on the ground that the driver was not guilty of negligence, and thereupon at the suggestion of the court counsel for plaintiff was allowed, over objection and exception, to amend the complaint by alleging that the horse was "unruly, unmanageable, and vicious."   The plaintiff then, on being required to make an election, elected to go to the jury on the theory of a cause of action as stated by the *amendment,* and he recovered a verdict.

On appeal this court (Gropp v. Great Atlantic & Pacific Tea Co., 141 App. Div. 372, 126 N. Y. Supp. 211) decided that it was within the discretion of, and competent for, the trial court to allow the amendment on the ground that a new cause of action was not therein set forth. The writer dissented, on the theory that although, in his opinion, the amendment merely pleaded an *additional* specification of negligence, and not a new cause of action, yet the complaint should have been formally amended, served, and issue joined thereon.   The Presiding Justice dissented on the ground that the amendment stated *a new cause of action,* on which the defendant would be liable, regardless of negligence, on the theory of maintaining a vicious animal of a dangerous character, and the Court of Appeals adopted his views and reversed.   205 N. Y. 617, 98 N. E. 1103.

The effect of the decision of the Court of Appeals is that plaintiff might have a cause of action, either for *negligence,* depending upon whether the driver managed the horse with due care, or for the wrongful act of the defendant in sending upon the public streets a horse so "unruly, unmanageable, and vicious" that it could not be controlled by the driver, even though he exercised all due care to that end, and if that charge were established by the evidence the liability of the defendant would be absolute.

[1] It should be here observed, in order to avoid the repetition of an error committed on the first trial, that the causes of action are not necessarily inconsistent, and the evidence bearing upon each might be such that the defendant would be liable under both, or under either, depending upon how the jury found the facts to be, and therefore, if there should be evidence sufficient to take the case to the jury as to both causes of action, the plaintiff should not be required to elect to go to the jury on one only.

The plaintiff, however, after the decision by the Court of Appeals, instead of applying for proper leave to amend by pleading the second cause of action, proceeded to trial on the sole charge of negligent driving; and on the second trial he was permitted, in answer to the defense that the horse was running away and could not be controlled by the driver in the exercise of proper care and reasonable skill, to show, over objection and exception duly taken, that the horse shied and tried to run away and was vicious and unmanageable every time it was taken out, and the court dwelt at length upon that evidence in the charge, and instructed the jury that the defendant was chargeable with knowledge of the vicious propensities of the horse and with care commensurate therewith, and exception was duly taken to such instruction. This court on a second appeal (157 App. Div. 346, 142 N. Y. Supp. 140) held that these rulings were erroneous, and that the plaintiff thus, in effect, was given the benefit of the second cause of action without having obtained the right to plead it.

The learned counsel for the plaintiff seems not to have grasped the effect of the decision of the Court of Appeals, and appears not to be able to reconcile the last decision of this court with other authoritative decisions bearing upon negligence in managing horses. The record on the second appeal to this court did not show any omission of care on the part of the driver that should have been taken in view of his knowledge, or even in view of the defendant's knowledge, with respect to the horse being "unruly, unmanageable, and vicious." When the horse took fright, without cause to frighten an ordinarily gentle and tractable horse, and became unmanageable, the driver was in his seat upon the wagon with the reins in his hands, and was, so far as the evidence disclosed, exercising proper skill in driving and in endeavoring to control the horse.

[2] In those circumstances, in view of the ruling of the Court of Appeals with respect to the two causes of action, the rulings of the trial court on the second trial, to which exceptions were taken as stated, were erroneous, and were prejudicial to the defendant, and therefore required a reversal. Ordinarily, of course, on the issue as to negligence in driving a horse, any evidence tending to show knowledge on the part of the driver with respect to any trait of the horse which would require greater attention and care in driving it would be admissible, and therefore there is some excuse for the failure to obtain leave to amend before the second trial.

The plaintiff has recovered twice, and it is quite probable that he has a meritorious case on one or both grounds. The defendant has not been prejudiced by plaintiff's laches in moving for leave to amend, for

the whole case evidently was developed by the evidence on each trial. It was therefore proper to allow the amendment; but since the second trial was abortive, owing to plaintiff's failure sooner to apply for leave to amend, the plaintiff should be further required, as a condition of being allowed to amend, to pay a trial fee and the defendant's costs and disbursements on the second appeal.

The order should be modified accordingly, and affirmed, without costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting). I think this order should be reversed, on the ground that the motion to amend was made too late, and after the statute of limitations had run against the cause of action which the court now allowed to be pleaded.

The accident happened on the 19th of December, 1907; the action was commenced on the 3d of March, 1908; and the case came on for trial on the 7th of February, 1910. On that trial the court allowed the plaintiff to amend the complaint by alleging a cause of action based upon the viciousness of a horse owned by the defendant and driven by one of its drivers. The case then proceeded, and resulted in a verdict for the plaintiff, upon which judgment was entered, which judgment was affirmed by this court. On appeal to the Court of Appeals, however, the judgment was reversed, on the ground that the court had no power at Trial Term to substantially change the cause of action sued on. See 205 N. Y. 617, 98 N. E. 1103, reversing the judgment upon the dissenting opinion in 141 App. Div. 372, 126 N. Y. Supp. 211. The decision of the Court of Appeals was rendered on June 4, 1912.

The plaintiff then had to determine whether or not he would apply regularly at Special Term to amend his complaint, or would proceed with the action upon the original complaint, basing his cause of action upon the negligence of the driver for which the defendant was responsible, as distinct from a cause of action based upon the act of the defendant in maintaining and using in the public streets a vicious horse liable to cause injury to those rightfully using the streets. He elected to proceed with the action upon the original complaint, which was a cause of action for the negligence of the driver, and again the case came on for trial, and plaintiff recovered another judgment, which was reversed by this court. 157 App. Div. 346, 142 N. Y. Supp. 140. He then moved at Special Term for leave to amend his complaint by setting up a cause of action based upon the vicious character of the horse. In the meantime the statute of limitations had run against the cause of action he thus sought to allege, and the defendant had been put to the expense of a trial based upon the cause of action as originally alleged. It seems to me that, under such circumstances, the plaintiff must be held to his election. It was too late to allow him to change the cause of action to one barred by the statute, and, even assuming that the Special Term had the power to allow such an amendment, such allowance was an abuse of discretion.

For this reason, I think the order appealed from should be reversed, with· $10 costs and disbursements, and the motion denied, with $10 costs.