I, however, can make no order therefor on this demurrer.

Judgment for plaintiff on demurrer, with leave to defendants to amend on the usual terms.

## COCKS. *a.* RADFORD.

*Supreme Court, New York; Special Term, June,* 1861.

### AMENDMENT.

Leave to amend a pleading, for the purpose of raising a new issue, will not be granted, unless the applicant establishes, to the satisfaction of the court, that he was not aware of the facts at the time of pleading, and excuses laches in his application.

Motion for leave to amend the answers in two actions between the same parties, and for certain other relief.

These actions were brought to compel an accounting from defendants of the amount received by them for the insurance of the steamboat "Arrow," which was destroyed by fire, and for the earnings of, and disbursements and expenses made and incurred upon, the "Thomas E. Hulse" and the "Arrow." The complaints alleged that defendants, William Radford and Thomas E. Hulse, were joint-owners, tenants in common, and proprietors of the "Arrow," and that the same parties, with one Van Wart, were joint-owners, &c., of the "Thomas E. Hulse," and that in respect to both boats, the two firms of Wm. Radford & Co. and Archer & Squire acted as agents, and as such received the earnings or some part thereof of said boats, in both of which firms Radford was a partner. The complaint also alleged that Van Wart has assigned his share of the earnings of the "Hulse" to plaintiff.

The complaint prayed for an accounting, and also for a restatement of such accounts as have been rendered.

The actions were put at issue, as to defendants Radford and Charles S. Archer, by answer, on the 28th of November, 1859. The actions have been referred.

On the 14th of November, 1860, an order was made requiring William Radford and Charles S. Archer, surviving members of the aforesaid two firms, within twenty days after notice of the order, to deliver to plaintiff's attorneys true and sworn copies of all entries between January 1, 1851, and the commencement of the suit, in the books of account of the said two firms and in the individual books of account of Charles S. Archer and John Squire, relating to certain matters in the said order specified, and also requiring Wm. Radford, within the same time, to deliver to plaintiff's attorneys a true and sworn copy of all entries in the books of account kept by himself, or at his instance and under his control, touching the several items in the order specified. The order gave defendants the right to elect to deposit with the referee the various books of account and vouchers, and contained a provision for the striking out of the answer of defendants in case of their neglect to comply with the order. The defendants elected to furnish copies, and have, by stipulation and order, obtained necessary extension of time. This order of November 14, 1860, has not yet been fully complied with. On the 30th of March, 1861, defendants procured an order, returnable April 8, 1861, requiring plaintiff to show cause why they should not be allowed to amend their answer by setting up that the plaintiff parted with his interest in the "Hulse" on the 20th of September, 1854, and in the "Arrow," or "Broadway," on the 30th of September, 1854, and why the order of November 14, 1860, should not be modified accordingly.

The motion on this order to show cause was the one now pending. It was founded on the affidavit of defendant William Radford alone, who swore to the transfer by plaintiff as above stated, and that in examining the matters in relation to said steamboats, and upon examination of records, in consequence of information communicated to him since February 11, 1861, he learned of said transfer; and in a subsequent portion of his affidavit he said he was ignorant of such transfer until as before

in his affidavit stated, and therefore failed to set it up in his answer.

The plaintiff, in his affidavit, read in opposition to the motion, admitted the transfers, but alleged that defendant knew of the transfers at the time they were made, and at all times during their existence; that with this knowledge, defendant Radford and the other owners dealt with him as the absolute owner; that said transfers were merely nominal, and were not intended to be and did not vest any interest in the transferree; that the transferree gave back a mortgage for the full value of the share; that the plaintiff was at all times in possession as mortgagee as well as part-owner.

*E. R. Bogardus,* for the motion.

*D. McMahon,* opposed.—I. So far as the amendment is concerned, it is supposed that the court have not power to so amend as to permit an admission on the record to be withdrawn—certainly not without imposing on him the condition of paying all costs to date, and stipulation that the admission be read in evidence on the trial by the plaintiff. Here over twelve months have elapsed since the joining of issue, and the cause has been referred, and is only awaiting the making of this discovery prior to trying it. The matter being discovered since his previous answer was put in, as he says, his only remedy is by motion for leave to put in a supplemental answer. (Hoyt *a.* Sheldon, 6 *Duer,* 661.) Leave to renew should be obtained. (Mitchell *a.* Alden, 12 *Wend.,* 290.)

II. The order for discovery should not be modified. 1. The matter was fully argued and carefully decided and provided for by Mr. Justice Ingraham, as may be seen by reference to the order. 2. No new fact has arisen since the decision, which would authorize this court to modify it. 3. The fact that the plaintiff was, for a part of the time, covered by the order of discovery, not the record owner of the boats, is one which could have been ascertained by the exercise of due diligence by the defendants. The papers were on record in the custom-house. By the operation of the act of Congress of July 29, 1850, the defendants had notice of it. 4. The order cannot be reviewed, save by appeal. There are no decisions which go to

the extent of setting up the new discovery of facts existing at the time of making the motion, and which might, by the exercise of due diligence, have been found out, as a substantive ground to review an order already granted. (Mitchell *a.* Allen, 12 *Wend.*, 290; Dollfus *a.* Frosch, 5 *Hill*, 493; Cazneau *a.* Bryant, 6 *Duer*, 668.)

III. Even if those facts could be set up as a ground to modify the order of discovery, yet, on the facts shown by the plaintiff in opposition, the order should not be modified. 1. The order was granted five months since, and the time has been extended several times. 2. The facts themselves amount to nothing, as by the explanation of the plaintiff it appears that during the time when it was alleged he was not the owner of the steamboats, he was a mortgagee in possession. A mortgagee in possession, receiving the earnings, is entitled to them and to an account of them, and as such is responsible as, and is to be treated as owner. (Stewart *a.* Slater, 6 *Duer*, 83; Hasketh *a.* Stevens, 7 *Barb.*, 488; Mattison *a.* Banew, 1 *Comst.* 295; Miln *a.* Spinola, 6 *Hill*, 218; same case, in *Supreme Ct.* 4 *Ib.*, 177–8.)

BARNARD, J.—1. The new matter proposed to be set up in the answer, if uncontradicted or unexplained, constitutes a good defence. Parties, however, are not allowed to amend their pleadings on motion, unless they offer some good and satisfactory excuse for not having before presented the matters in respect to which they seek an amendment.

The excuse these defendants offer is, that defendant Radford was ignorant of it till after February 11, 1861, and the proof they adduce is the affidavit of said Radford. This is fully met by the affidavit of the plaintiff, who swears that said Radford knew of the transfer at the time it was made. There are no attendant circumstances lending support to Radford's affidavit. Each of the affidavits, so far as appears before me, is equally worthy of credit. The evidence as to the truth of the matter offered as excuse being equally balanced, I cannot say that defendants have excused the neglect.

Were the neglect satisfactorily excused, it would seem even then doubtful whether defendants should be permitted to amend, inasmuch as the action has been greatly delayed by

the defendants, and there was some laches in making this motion; and the matters alleged in the affidavit of plaintiff, as to his being mortgagee in possession, which is not denied, would seem to entitle him to an account, notwithstanding the transfers. The motion to amend is therefore denied.

2. The motion to amend being denied, the motion to modify the order of November 14, 1860, being dependent on it, must be denied also.

Even if the motion to amend were granted, yet, as that would raise an issue which might be decided in plaintiff's favor, and so entitle him to an account for the period in question, the motion to modify would still have to be denied, and it would be made one of the conditions of granting the motion to amend, that defendants should stipulate that the amendment of the pleadings should not affect, impair, or modify in any way said order of November 14, 1860.

Motion denied, with $10 costs.

---

## GALWEY *a.* THE UNITED STATES STEAM SUGAR REFINING COMPANY.

*Supreme Court, First District; At Chambers, July,* 1861.

TRANSFER OF PROPERTY BY INSOLVENT CORPORATION.—AUTHORITY TO APPOINT RECEIVER.

Where an insolvent corporation was suffering creditors of a certain class to obtain judgment to an amount greater than one half the value of its property, with the view to give such creditors a preference;—*Held,* in an action by a creditor at large to dissolve the company and distribute its assets, that such course on the part of the trustees was illegal, and that the creditors so proposing to take judgment should be enjoined from further proceeding in their actions, with the exception of entering judgment to stand as security for their respective claims.

In an action against a manufacturing corporation by a creditor at large, to enjoin certain creditors of the corporation from obtaining a preference, and for a dissolution of the corporation and the distribution of its assets, the court has no authority to appoint a receiver of the property of the corporation.