HENRY STEDEKER, Appellant, *against·* HENRY O. BERNARD *et al.*, Respondents.

(Decided April 3rd, 1882.)

After an answer has been stricken out as frivolous, and judgment thereon ordered against a defendant, he should not be permitted to plead another defense known to him at the time of serving such frivolous answer, and purposely withheld by him.

APPEAL from an order of this court allowing a defendant to serve an answer, after a previous answer by him had been stricken out, and vacating a judgment entered against him thereupon.

In November, 1881, the plaintiff commenced an action against the defendants, as copartners, by the service of a sum-

Stedeker *v.* Bernard.

mons and complaint upon the defendant Henry O. Bernard personally, to recover the amount of a check given by the said H. O. Bernard in the name of the firm.

The defendants appeared and answered that the said check was given by Bernard individually, and that the same was not made by or on behalf of the firm, or in any of the business transactions of the firm. An application having been made for judgment against the defendants on account of the frivolousness of the answer, said application was granted absolutely against the defendant Henry O. Bernard, but the defendants Taft and Smart were given leave to amend their answer as they might be advised. Thereupon the defendant Bernard made an application for leave to serve his individual answer, setting up the defense that the check mentioned in the complaint was given for money wagered and lost by the defendant at a gaming table in the city of Baltimore, in the state of Maryland, at a game of hazard called poker.

As this check was given by the defendant Bernard personally, he knew at the time the suit was commenced that this defense existed, and it appears from the affidavit of Mr. Owen that upon the application for judgment, the existence of this defense was stated, but it was intimated virtually that the defendant did not desire to set it up ; and it appears from the other papers in the case that he had relied upon the advice of counsel that no individual judgment could be rendered against him. Upon the application for leave to serve his answer, an order was made upon terms granting such application ; and from that order the plaintiff appealed.

*John Graham*, for appellant.

*E. J. Myers*, for respondent.

VAN BRUNT, P. J.—[After stating the facts as above.]—It appears conclusively from the papers in this case, as has been above stated, that the defendant was always aware of the defense which he now desires to set up against the check in question.

It appears that he alone of the members of the firm was personally served with process. It is true that a general appearance was entered for all the members of the firm at the time of the service of the answer. It also appears that he was in consultation with the attorney who put in the answer for all the defendants, and that he was his adviser then as he is now. Knowing then as well as he does now that he had a certain defense to the instrument sued upon, under advice of counsel, he relies upon another which is set up and which fails. The reason that he does not desire to set up the defense contained in his individual answer seems to be apparent, and he therefore, speculates upon the decision of the court upon other defenses, rather than place himself upon the record setting up the defense of gaming.

I know of no rule or practice which has allowed a defendant knowingly to withhold defenses, depending upon the establishment of others, who has been allowed subsequently to set them up. Such speculations are not to be fostered by the courts. A defendant is bound to set up his whole case as he knows it at the time of putting in his answer at his peril, and where a defendant knowingly withholds a defense from a pleading, after he has been beaten in respect to those which have been set up, he has no claim to be allowed to place upon the record that which he has purposely withheld, until he has been forced by the course of the litigation to place upon the record a defense, which at the time of putting in the original pleading he shrank from exposing.

The defendant in this action, if he could get clear of paying the check in question, was unwilling to plead the fact that the money was lost at gaming. Perhaps some sentiment of honor may have been struggling through his brain, but the prospect of having to pay the money that he had lost, which by the ruling of the court had become a certainty, seems to have overcome this reluctance, and he now desires to place upon the record that defense which he was unwilling to set up at the time that he first answered.

I know of no rule which would authorize the court to permit a defense to be put in under such circumstances.

The order appealed from should therefore be reversed, with $10 costs and disbursements.

BEACH, J., concurred.

Order reversed, with costs.