MUTUAL LOAN ASS'N v. LESSER et al. (two cases).

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. ACTION ON NOTE—PLEADING—ADMISSION OF EXECUTION.
    Where a note sued on is set out in the complaint, and the maker, in his answer, does not deny its execution, but sets up an affirmative defense, the production of the note by plaintiff as it was set out in the complaint is sufficient to make the plaintiff's case and put the defendant to his affirmative defense, though it has been shown that the words "with interest" were inserted in the note after its execution.

2. SAME—ALTERATION—HOLDER IN DUE COURSE.
    Under the direct provisions of Negotiable Instruments Law, § 205, a negotiable instrument which has been materially altered may be enforced according to its original tenor, provided it be in the hands of a holder in due course, not a party to the alteration.

3. SAME—QUESTION FOR JURY.
    Where the testimony is conflicting as to whether plaintiff is a holder of a negotiable note in due course, he is entitled to go to the jury on that question.

Appeal from trial term, New York county.

Actions by the Mutual Loan Association against Joseph S. Lesser and another. From judgments dismissing the complaints, plaintiff appeals. Reversed.

These two actions were brought to recover on two promissory notes given on April 23 and April 24, 1901,—one for $2,000, and the other for $1,000,—

¶ 3. See Bills and Notes, vol. 7, Cent. Dig. § 1879.

by the defendants to B. Hirsch, who sold them to the plaintiff. The defenses were that the notes, if delivered, were given for Joseph S. Lesser personally, and to be held as margin for stock, and were used without authority and without consideration. The answer of Joseph S. Lesser does not deny that the notes mentioned were given, whereas that of Morris Lesser contains a general denial. The notes, as set forth in the complaints, contained the words "with interest." Upon the trial, Joseph Lesser admitted that the signature of the firm name was in his writing, but testified that the words "with interest" had not been inserted by him, and that the note had been altered in that respect after he delivered it. Mr. Hirsch, the payee, testified that he had received the notes from Lesser & Co., but that the words "with interest" were not there then, but that he put them in upon request of Mr. Sugerman, in his office, when he discounted the notes. The plaintiff's secretary, Straat, on the other hand, testified that the words "with interest" were in the notes when they were received by the association. Upon defendants' motion, the complaints were dismissed, and judgments were entered from which the plaintiff appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Pierce, for appellant.
Louis Joseph, for respondent Joseph S. Lesser.
Arthur Furber, for respondent Morris Lesser.

O'BRIEN, J. When the plaintiff's testimony was closed, it appeared, considering the pleadings and proofs together, that, as to Joseph S. Lesser, he having admitted the making of the note in the form in which it was sued upon and as produced upon the trial, the plaintiff was entitled to judgment as against him. With respect to Morris Lesser, we have the statement of Straat to the effect that, when purchased by the plaintiff, the condition of the note was the same as it was when produced upon the trial. There was, however, the testimony of Joseph S. Lesser that the words "with interest" were not in the note when it was delivered to Hirsch, and that of Hirsch to the effect that those words were written in the note by himself in Mr. Sugerman's office, who was the one, according to his testimony, that told him to insert them in the note. Who Sugerman was, does not appear from any testimony given upon the trial, nor from the record, although we have not overlooked the statement in the defendants' brief—which, however, is not proof of the fact, and cannot be considered—that Sugerman was the president of the plaintiff association. Upon this condition of the record, therefore, there was, as to Morris Lesser, a question for the jury,—as to whether or not the note was received in due course. If it was, then, under the negotiable instruments law, the plaintiff was entitled to recover according to the original tenor of the note. With respect to Joseph S. Lesser, although he admitted the note, and claimed that there was a diversion, this was a matter of defense which he was required to establish, together with the fact that the plaintiff had notice of such diversion; and, instead of the complaint being dismissed as to him, he should have been required to enter upon the affirmative defense pleaded in his answer. The fact clearly appears, however, and is not disputed, that the error which crept in upon the trial was in not drawing the court's attention to the provision of the negotiable in-

struments law which changed the old rule as to the voiding of a note in case it is altered. The provision referred to is section 205, which provides that:

"When a negotiable instrument is materially altered without the assent of the parties liable thereon, it is avoided except as against a party who has himself made, authorized or assented to the alteration, and subsequent endorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment therefor according to the original tenor."

The case, therefore, having been tried upon a wrong theory of law, which accounts for the disposition made by the learned trial judge, we think that there should be a new trial, without costs.

Our conclusion is that the judgments appealed from should be reversed, and new trials ordered, without costs to either party. All concur.