MUTUAL LOAN ASS'N v. LESSER et al.

(Supreme Court, Appellate Division, First Department.   March 20, 1903.)

1. PLEADING—AMENDMENT—LEAVE—MOTION—AFFIDAVIT OF ATTORNEY.
   On an application for leave to amend an answer on the ground that
   when it was filed certain matters of defense were unknown to defendant,
   the affidavit of the attorney cannot be accepted in lieu of the affidavit of
   the client until the necessity of making the motion before the affidavit
   of the client can be procured is shown.

Appeal from Special Term, New York County.

Action by the Mutual Loan Association against Joseph S. Lesser
and another.· From an order allowing defendant Joseph S. Lesser
to file an amended answer, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN,
O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Franklin Pierce, for appellant.
Herbert R. Limburger, for respondent.

LAUGHLIN, J.   The action is to recover on a promissory note
for the payment of $2,000, made by the defendants in their firm name
as copartners on the 23d day of April, 1901, payable in three months,
to the order of B. Hirsh, which, it is alleged in the complaint, was
indorsed by the payee, and sold and delivered to the plaintiff for
value.   The complaint sets forth the note in hæc verba, containing the
words "with interest."   The defendants answered separately on the
6th day of January, 1902, admitting the execution.   Joseph Lesser
in his answer denied the allegations of the paragraph of the com-
plaint with reference to the execution and delivery of the note to
Hirsh, "except that said note of $2,000 is unpaid," and alleged as a
separate defense that the note was delivered to Hirsh conditionally,
without consideration, and was diverted, and that these facts were
known to the plaintiff.   The issues were tried on the 24th day of
March, 1902, and, it appearing that the note was altered, after being
made and delivered, by adding the words "with interest," the plain-
tiff was nonsuited.   Upon appeal, the judgment was reversed by·this
court (Mutual Loan Ass'n v. Lesser [Sup.] 78 N. Y. Supp. 629),
upon the ground that, under section 205 of the negotiable instru-
ments law (Laws 1897, c. 612), if the plaintiff was "a holder in due
course, not a party to the alteration," he could enforce payment ac-
cording to the terms of the note as originally made.   It appears from
the affidavit of the attorney for Joseph S. Lesser that on the eve of
the first trial it was discovered that the note had been altered by
the addition of the words "with interest."   At the time of the re-
versal of the judgment by this court, it appears by the·affidavit of
Joseph S. Lesser that he was in Europe, and did not return until the
16th of January, 1903; but he fails to state when he discovered that
the note was altered, or that he was not aware of that fact at the

time of serving his original answer. By the amended answer which he has been permitted to interpose, he sets up the alteration of the note without the authority of the defendants, and alleges that the plaintiff was a party thereto; and, further, that the note had its inception on its delivery to the plaintiff, who discounted it at a usurious rate. There is nothing in the moving papers to show that the respondent was ignorant of the alleged defense of usury at the time of interposing the original answer, or when he discovered it.

When the time for a party to amend a pleading as of course expires, and an application to the court is necessary, the moving party must show some good and sufficient ground for the exercise of the discretion of the court in his favor, and, ordinarily, he will not be permitted to set up matters of which he had full knowledge at the time of interposing the original pleading. Cocks v. Radford, 13 Abb. Prac. 207; Harrington v. Slade, 22 Barb. 161; Stedeker v. Bernard, 10 Daly, 466. The material facts excusing the failure, or negligence necessitating the amendment, so far as they are within the knowledge of the client, must be shown by his affidavit, and the affidavit of the attorney, which is all we have here, cannot be accepted on such applications in lieu of the affidavit of the client, at least until the necessity of making the motion before the affidavit of the client can be procured is shown. Ryan v. Duffy, 54 App. Div. 199, 66 N. Y. Supp. 649; Tompkins v. Continental National Bank, 71 App. Div. 330, 75 N. Y. Supp. 1099. Tested by these rules, the moving papers were utterly insufficient, and the motion should have been denied.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs, but with leave to renew. All concur.