(51 Misc. Rep. 572.)

### LEDERER v. ADLER et al.

(Supreme Court, Appellate Term. November 14, 1906.)

1. JUDGMENT—MOTION TO SET ASIDE—LACHES.

Plaintiff, suing for damages for a conspiracy, obtained a judgment which was reversed on appeal, because of the failure to make a third person a party defendant. Plaintiff proceeded with a second trial without making the third person a party defendant. During the progress of the trial, plaintiff refused to proceed, and judgment was entered in favor of defendants. Thereafter plaintiff applied for leave to open the judgment and for leave to bring in the third person as a party defendant. On the hearing of the motion it was shown that prior to the commencement of the action plaintiff knew that the third person was the most active participator in the conspiracy complained of. *Held*, that plaintiff was guilty of laches, barring his right to have the judgment set aside and the third person made a party defendant.

2. SAME—AFFIDAVIT OF ATTORNEY.

On an application to set aside a judgment and to permit the bringing in of an additional party defendant, the affidavit of the attorney, which does not show why the affidavit was not made by the moving party, is defective.

Appeal from City Court of New York.

Action by Emil Lederer against Ettie Adler and others. From an order setting aside a judgment for defendants and permitting plaintiff to bring in an additional party defendant, defendants Wolf Lazarus and others appeal. Reversed, and judgment reinstated.

See 92 N. Y. Supp. 827.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Benjamin Reass, for appellants.

Henry Kuntz, for respondent.

DOWLING, J. This action was brought to recover damages alleged to have been sustained by plaintiff's assignors, by a sale of merchandise made by them, which sale they were induced to make by the conspiracy,

fraud, and deceit of the defendants. The action was tried once, and resulted in a judgment in favor of the plaintiff, which the Appellate Term reversed on the ground that the evidence did not show a sale induced by fraud; that, if any conspiracy was shown, it was between three of the parties defendant and one Jacob Adler; and also that improper testimony was admitted. The plaintiff entered upon a second trial, and, after one day had been consumed in taking testimony, Jacob Adler, above mentioned, was sworn as a witness by the plaintiff and refused to testify to several questions put to him by plaintiff's counsel upon the ground that the answer thereto might tend to incriminate him. Plaintiff's counsel thereupon asked the court for leave to withdraw a juror for the purpose of applying at Special Term for leave to make the witness a party defendant. The trial judge refused such permission unless the plaintiff would pay the costs of the trial and of the appeal. This plaintiff's counsel refused to do, and also refused to proceed further with the trial, whereupon the court, upon motion of defendants' attorney, dismissed the complaint, and judgment was entered in favor of the defendants for costs. Subsequently the plaintiff applied at a Special Term of the City Court for leave to open this so-called default, to be permitted to bring in an additional party defendant (said Jacob Adler), and to serve a proposed amended and supplemental complaint. This motion was granted upon payment of $65 costs, and from the order granting such relief this appeal comes up.

Upon the hearing of the motion it was shown beyond contradiction or doubt that prior to the commencement of the action the plaintiff herein knew that in the fraud and conspiracy alleged to have been perpetrated Jacob Adler was the most active participator. In the assignment to the plaintiff of the cause of action it is stated that the claim "arises out of an alleged purchase by said Ettie Adler, through her husband, Jacob Adler, of certain goods, wares, and merchandise from us, by certain false representations made to us and each of us by said Jacob Adler." Under these circumstances we think the plaintiff was clearly guilty of laches in making his application. The moving papers are also defective. The plaintiff strenuously contends that he had suffered a default, and that the court had power to open such default and set aside the judgment. The moving affidavit is made by the plaintiff's attorney, and not by the plaintiff himself, and not the slightest reason is shown why such affidavit is not made by the plaintiff. Mutual Loan Ass'n v. Lesser, 81 App. Div. 138, 80 N. Y. Supp. 1112.

Order reversed, with $10 costs and disbursements, and judgment reinstated. All concur.