MYRON W. WHITING, Respondent, v. ALLIE J. GLASS, Appellant.

Assignment — when assignor of cause of action cannot maintain action in his own name as trustee of assignee — pleading — when defendant had no knowledge that claim had been assigned until shown at trial without objection by plaintiff, defendant's failure to plead such defense not a bar to motion for nonsuit — erroneous direction of verdict for plaintiff.

1. The assignee of a cause of action to recover the value of personal property cannot be regarded as maintaining an action as the trustee of an express trust authorized as such to bring an action in the name of his assignor where there is nothing to indicate that the action is anything other than one brought by an assignor after he had fully and completely transferred to another the title to the cause of action.

2. The fact that defendant did not set up in his answer a defense that the claim in suit had been transferred prior to the time when the action was brought, does not preclude him from taking advantage thereof where the fact of the transfer was developed on the trial without any objection on the part of plaintiff, so that when the motion for a nonsuit was made the fact appeared by and with the consent of plaintiff that he had no title or right to bring the action.

*Whiting* v. *Glass*, 160 App. Div. 915, reversed.

(Argued January 28, 1916; decided February 29, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered December 31, 1913, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Willard H. Ticknor* for appellant. The plaintiff, having made a general assignment for the benefit of creditors, was not the real party in interest. (Code Civ. Pro. § 449; *Foster* v. *Central Nat. Bank,* 183 N. Y. 379; *Osborne* v. *Hughes,* 128 App. Div. 128; *Greenwood* v. *Marvin,* 111 N. Y. 423.)

*Walter W. Chamberland, Eugene M. Bartlett* and *John W. Pearsons* for respondent. The plaintiff is the real party in interest. (*Weed* v. *Hamburg B. F. Ins. Co.,* 133 N. Y. 394; *Meinhardt* v. *Excelsior Brewing Co.,* 98 App. Div. 311; *Hubbell* v. *Medbury,* 53 N. Y. 102; *Cassidy* v. *Sauer,* 114 App. Div. 676; *Culliford* v. *Walser,* 3 App. Div. 266.) As the answer does not allege that the plaintiff is not the real party in interest that claim is not available as a defense. (*Coffin* v. *Grand Rapids Hydraulic Co.,* 186 N. Y. 655; *Dewey* v. *Mayer,* 72 N. Y. 70; *Crane* v. *Powell,* 139 N. Y. 383; *McGean* v. *M. E. R. Co.,* 133 N. Y. 14; *Styles* v. *Fuller,* 101 N. Y. 622; *Meinhardt* v. *Excelsior Brewing Co.,* 82 App. Div. 628.)

HISCOCK, J. This action was brought to recover the value of various articles of personal property claimed to have been sold and delivered by respondent to appellant. The sale originated in a verbal contract for the exchange of this property owned by the former for a farm owned by the latter and which contract it is alleged the appellant was unable or unwilling to complete although he had received respondent's property.

It is unnecessary to consider all the various objections urged by appellant's counsel to the recovery which has been directed in the action, for in our opinion there was developed on the trial one very simple and effective bar

to the right to recover. This was the circumstance that prior to the commencement of the action respondent had transferred to a third party his title to any claim which he held. He executed an instrument which in its substantial features, so far as concerns the present question, was a general assignment and which specifically covered and included any claim which he had against the appellant springing out of the transaction referred to, and such transfer defeated his right to bring this action. (*Foster v. Central Nat. Bank of Boston,* 183 N. Y. 379.)

It is urged by the respondent that after the transfer the assignee was the trustee of an express trust and both by law and by express provision of the assignment was authorized to bring an action in the name of the assignor. Without considering this proposition broadly, it is sufficient to say that there is nothing to indicate that the assignee had anything whatever to do with bringing the action or that it was anything other than an action brought by an assignor after he had fully and completely transferred to another the title to the cause of action.

It is also urged by the respondent that appellant did not set up his defense of transfer and that without thus setting it forth in his pleading he could not take advantage of it. It does not appear in any way that the appellant had any knowledge of the assignment until the trial and, therefore, he is subject to no imputation of fault for not alleging it in his original answer. On the trial the fact of the transfer was duly developed without any objection on the part of the respondent, and thus when the motion for a nonsuit was made, the fact appeared by and with his consent that he had no title or right to bring the action. In this respect the case is distinguishable from various cases which are cited as authorities for the proposition that the appellant should not have been allowed to prove this defense without amendment of his pleading, the trial being suspended if necessary to allow him to make the same.

Under the circumstances instead of directing a verdict for the respondent the trial court should have directed a nonsuit for the appellant, and inasmuch as the facts which bar the former's right of recovery cannot be changed on a new trial, not only should the judgment appealed from be reversed but judgment should be granted dismissing the complaint, with costs to the appellant in all courts.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur; CARDOZO, J., however, voting for a new trial.

Judgment reversed, etc.