(174 App. Div. 215)

MYER STRASBURGER & CO. v. BONWIT.

(Supreme Court, Appellate Division, First Department. October 20, 1916.)

PLEADING ☞258(3)—ACTION BY INSURANCE BROKER—ANSWER—AMENDMENT.
　　An insurance broker sued for moneys advanced as premiums on life policies of the defendant. The original answer was a general denial. The trial was discontinued, that a motion might be made for an amendment of the answer by which defendant set up as a defense that plaintiff paid to defendant a portion of the premium on one of the policies, which rebate is illegal by Penal Law (Consol. Laws, c. 40) § 1200, so that no rights to either party could accrue under the transaction. *Held*, that the amendment should have been denied; defendant having tried the experiment of going to trial with his unamended answer before attempting to set up the illegality of the transaction.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 771, 772; Dec. Dig. ☞258(3).]

Appeal from Special Term, New York County.

Action by Myer Strasburger & Co. against Paul J. Bonwit. From an order granting leave to defendant to amend his answer, plaintiff appeals. Order reversed, and motion denied.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Nathan April, of New York City, for appellant.
Arthur B. Hyman, of New York City, for respondent.

SCOTT, J. Plaintiff, an insurance broker, sues for moneys which it advanced and paid to a life insurance company as premiums upon two policies written upon defendant's life. Although the original answer is, in form, a general denial of all the material allegations of the complaint, it appears to be conceded that the two policies were issued to defendant, that plaintiff did in fact advance and pay the first premiums thereon, and that this was done by agreement with defendant.

The action was commenced on October 19, 1914, and issue was joined on December 28, 1914, by the service of an amended answer containing, as already said, only denials. At defendant's request his time to serve an amended answer was extended by several stipulations until February 16, 1915, but no such answer was served. The cause came on for trial on April 28, 1916, and defendant attempted to prove, upon cross-examination of one of plaintiff's witnesses, the facts which he now seeks to set up by an amended answer. The trial justice, while not refusing to receive the evidence, intimated very strongly his opinion that it was inadmissible under the general issue, and, if received, would afterwards have to be stricken out. Thereupon, at defendant's request, the trial was discontinued in order that a motion might be made at Special Term for an amendment of the answer. The motion was afterwards made and granted by the order now appealed from.

By this amended answer defendant seeks to set up as a defense the following facts: He says that in the year 1911 he desired, for business reasons, to insure his life for the sum of $100,000, and arranged with plaintiff to secure three policies for him, one for $75,000, one for $20,000, and one for $5,000, and that in consideration of being allowed to place this insurance plaintiff agreed that it would pay to defendant all of the commission which plaintiff should receive upon the first premium upon the $75,000 policy, which it represented would be about 60 per cent. of said premium; that the premium upon the first policy amounted to $3,485.50, which defendant paid or caused to be paid; that he was informed by plaintiff that the commission which plaintiff would receive, and to which defendant would be entitled under the aforesaid agreement, would be about $2,800; that plaintiff would retain out of that sum the premium upon the two smaller policies, aggregating about $1,160, and would, and thereupon did, pay to defendant the balance, amounting to about $1,700. The defendant's purpose is to claim that, inasmuch as the giving and acceptance of rebates of premiums paid on life insurance policies is made illegal by

statute, the agreement between himself and plaintiff was illegal, and no rights to either party can accrue thereunder.

There are present in this case none of the grounds which are usually assigned for permitting the service of an amended answer setting up new defenses. It is conceded that all of the facts were known to defendant and were communicated by him to his attorney when the action was first begun, and it is shown, by the affidavit of the attorney himself, that, knowing the facts, he deliberated for many months as to whether or not he should set them up by way of defense, or should rely upon his general denial, and that he finally determined upon the latter course. While he does not say so in terms, it is quite probable that his hesitation to plead the facts was that by so doing his client would have been obliged to convict himself of a misdemeanor (Penal Law, § 1200), a course which might have led to unpleasant results before the statute of limitations had run. Under these circumstances, we do not think that defendant should have been permitted to amend. According to his story, he and plaintiff had co-operated to commit an illegal act, and with respect thereto stood in pari delicto. If he had chosen to plead his own wrongdoing in the first instance, he would have been entitled to whatever advantage might result from such a plea. Deliberately, and with full knowledge of the facts and the law, he elected not to so plead, but to try the experiment of going to trial upon his unamended answer. It has not been the practice to sanction such a course. Stedeker v. Bernard, 10 Daly, 466; Mutual Loan Ass'n v. Lesser, 81 App. Div. 139, 80 N. Y. Supp. 1112; Pratt, Hurst & Co. v. Tailer, 99 App. Div. 237, 90 N. Y. Supp. 1023; In re Prentice, 155 App. Div. 481, 139 N. Y. Supp. 1027; Jacobs v. Mexican Sugar Refining Co., 115 App. Div. 499, 101 N. Y. Supp. 320.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. Order filed. All concur.