JAMES MASSI, Respondent, *v.* ALBEN BUILDERS, INC., et al., Appellants; UNITED HOISTING Co., INC., Respondent, et al., Defendants.

First Department, March 8, 1946.

484

*Clarence S. Zipp* of counsel (*J. Austin Lyons* and *Meyer Levy* with him on the brief; *Frederick Mellor,* attorney), for Alben Builders, Inc., defendant-appellant.

*George J. Stacy* of counsel (*William S. Sinclair* and *Joseph Kane* with him on the brief), for Abraham Schechtman, defendant-appellant.

*Isidor Enselman* of counsel (*Gustave G. Rosenberg* with him on the brief; *Sylvester J. Garamella,* attorney), for plaintiff-respondent.

CALLAHAN, J. Plaintiff has recovered a judgment against defendants-appellants, Alben Builders, Inc., and Abraham Schechtman, for damages for personal injuries sustained in an accident which occurred on May 2, 1940, in the course of the construction of a building in the city of New York. Plaintiff was in the employ of a firm known as La Sala Brothers, who were subcontractors doing the brick-laying work. Defendant, Alben Builders, Inc., was the general contractor, and Abraham Schechtman was the carpentry subcontractor. Plaintiff received his injuries when he fell into a hoistway while attempting to avoid a falling piece of timber said to have been dropped by an employee of Schechtman. The hoistway was alleged to have lacked the guard rails required by section 241 of the Labor Law.

This third party action was commenced by the injured workman on April 16, 1941.

At the close of the plaintiff's proof, and again at the close of the whole case, defendants-appellants moved to dismiss the complaint upon the ground that any cause of action for damages for injuries sustained by plaintiff had been assigned to plaintiff's employer or its insurance carrier pursuant to the provisions of section 29 of the Workmen's Compensation Law, because plaintiff had received and accepted workmen's com-

pensation payments, and this action had not been commenced until more than six months after such acceptance.

Defendants-appellants had failed to plead any affirmative defense asserting the assignment of the cause of action to another, but upon the trial they moved to amend their answers to set forth such defenses.

The trial court having denied these motions, defendants now appeal, contending that the judgment should be reversed, *first,* because as a matter of law plaintiff did not establish the right to recover a judgment, and, *second,* that it was error to deny their motions to amend.

The effect of section 29 of the Workmen's Compensation Law on the right of an injured workman to sue third persons is stated in *Taylor* v. *New York Central R. R. Co.* (294 N. Y. 397, 401–402) in the following language: "Under section 29 of the Workmen's Compensation Law it is unnecessary for an injured employee to choose in the first instance between taking compensation and pursuing by suit his cause of action against a third person alleged to have injured him. He may take the compensation from his employer or his employer's insurer and nonetheless bring an action against the third person. But ' such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues.' If the injured workman fails to bring the action within the time so limited, ' such failure shall operate as an assignment of the cause of action against such other * * * to the person * * * liable for the payment of such compensation.' That is plain language. The cause of action, after the stated time has gone by, passes to the employer or insurer.''

Under our present practice, an action must be prosecuted by the real party in interest. (Civ. Prac. Act, § 210.) This rule requires that an assignee sue in his own name after the assignment of an entire claim to him. (2 Carmody on New York Pleading and Practice, § 501.) The objection that a sole plaintiff is not the real party in interest is ordinarily one which must be pleaded affirmatively in the answer or raised by motion addressed to the pleadings. This requirement applies where a defendant claims that an assignor is suing after assignment of his claim — at least where the assignment is not alleged in the complaint and traversed in the answer. (*Smith* v. *Hall,* 67 N. Y. 48; *Davis* v. *Pres't, etc., D. & H. Canal Co.,* 109 N. Y. 47; *Stamp* v. *Franklin,* 144 N. Y. 607, 612; *Waite Nursery and Development Co.* v. *Just,* 266 N. Y. 496; 2 Carmody on New York Pleading and Practice, § 504.) The rule requiring a defendant to plead affirmatively that plaintiff is not the real party in

interest has been applied in an action like the present, brought by an injured workman after the time specified in section 29 of the Workmen's Compensation Law had expired. ( *Wilton* v. *Radish,* 266 App. Div. 974.)

Section 29 does more than create a statute of limitations, for it provides for a transfer of the cause of action and does not merely bar the remedy. In addition, it provides for a lien in favor of the employer and a division of the proceeds of the action. The section creates a situation which is *sui generis;* but a plea that an injured workman has lost his right to sue because of the statutory assignment more closely resembles a plea that the plaintiff is not the real party in interest than a plea of the bar of the Statute of Limitations. In any event, such a plea is one based on collateral facts showing the action not to be maintainable, and must be pleaded affirmatively. (Civ. Prac. Act, § 242.)

It has been held, however, that where the facts establishing the assignment of a cause of action were permitted to be developed upon the trial, without any objection on the part of plaintiff, the defense that the plaintiff was not the real party in interest was available to the defendant, though not affirmatively pleaded. (*Whiting* v. *Glass,* 217 N. Y. 333.)

As there was some proof adduced in the present case concerning the receipt of workmen's compensation, we have to determine whether all the necessary facts to show an assignment of the present cause of action were developed upon the trial without objection.

It appears that in the course of cross-examination plaintiff stated, without objection, that he had made a claim for compensation and that weekly checks had been sent to him. It also appears that plaintiff's counsel conceded the date of an award of compensation as July 3, 1940. In addition, the trial court received in evidence a copy of an order of the Department of Labor, filed July 6, 1940, awarding compensation to plaintiff for certain specified weeks. Plaintiff objected to the receipt of this order, and although his objection was not based on the immateriality of the proof because of the lack of an affirmative defense, he did contend that the matter was one of defense and not properly part of plaintiff's case. Giving due weight to the proof that was received, we cannot ascertain from the present record the dates when the checks for compensation were received, nor can we be certain that the plaintiff actually cashed them.

In *Grossman* v. *Consolidated Edison Co.* (294 N. Y. 39) section 29 of the Workmen's Compensation Law was construed to require a defendant who contends that a plaintiff is barred from commencing suit because of failure to bring it within the period fixed in that section, to plead that the injured workman had taken the compensation, the court holding that an actual taking was one of the conditions prerequisite to the assignment of the cause of action.

Under the circumstances, we find that the situation involved here is not like that in *Whiting* v. *Glass* (*supra*). Accordingly, we hold that the motions to dismiss the complaint were properly denied.

We find no error in the refusal of the trial court to permit an amendment of the answers to set up pleas in bar, because the motions for such relief were first made upon the trial of the action, which occurred more than four years after the cause of action accrued and at a time when the right of the employer or its insurance carrier to sue had expired. (*Strasburger & Co.* v. *Bonwit,* 174 App. Div. 215.) Although it does not appear here that the defendants-appellants knew of plaintiff's receipt of compensation before serving their answers, it does appear that they knew plaintiff was employed by another and they were, therefore, aware that a claim for compensation might be involved. Furthermore, the defendants-appellants are not faced with possible liability upon any second suit by the employer or its insurance carrier, for, at this time, the Statute of Limitations would be a complete defense to any such suit.

We need not determine the nature or extent of any lien which the insurance carrier may have upon the present recovery under section 29 of the Workmen's Compensation Law. That question is not presented to us.

We have examined the other assignments of error advanced by the defendants-appellants and find that none of them warrant reversal of the judgment.

The judgment appealed from should be affirmed, with costs to the plaintiff-respondent.

MARTIN, P. J. (dissenting). The proof is sufficient to establish that a compensation award was made to plaintiff and that he accepted it. By operation of section 29 of the Workmen's Compensation Law, plaintiff's cause of action passed to the insurance carrier. (*Taylor* v. *New York Central R. R. Co.,* 294 N. Y. 397.) Plaintiff is chargeable with knowledge of the law. He knew that his own acts had deprived him of any right under

the Workmen's Compensation Law. It would be anomalous to hold that, despite the fact that plaintiff has no cause of action, he may still recover. The evidence disclosing the fact that plaintiff did not have a cause of action was developed on the trial. Failure to plead that plaintiff is not the real party in interest could have caused no surprise to plaintiff, the averting of which is the object of section 242 of the Civil Practice Act. Under the circumstances the motions to amend the answers should have been granted.

The judgment appealed from should be reversed and the complaint dismissed.

GLENNON and PECK, JJ., concur with CALLAHAN, J.; MARTIN, P. J., dissents in opinion in which TOWNLEY, J., concurs.

Judgment affirmed, with costs.