Per Curiam.

The uncontradicted evidence, admitted without objection by plaintiff, established that plaintiff was not the real party in interest. In the circumstances, the failure to plead that plaintiff was not the real party in interest was not fatal (Whiting v. Glass, 217 N. Y. 333; Massi v. Alben Builders, 270 App. Div. 482).
Furthermore, plaintiff, having chosen to keep the contract alive, notwithstanding defendant’s request for cancellation, was obligated to tender proper performance (Rubber Trading Co. v. Manhattan Rubber Mfg. Co., 221 N. Y. 120, 126; Richardson on Contracts [5th ed.], p. 361). Its tender of 1,972 yards as performance of a contract calling for about 3,000 yards was not a good tender (Personal Property Law, § 125, subd. 1; § 126, subd. 1). The record contains no evidence that defendant waived this defect by refusing the tender on grounds other than its quantity shortage.
Moreover, there was no evidence as to the market value on September 28, when the tender was refused, or on September 30, when plaintiff’s time for performance expired. Evidence as to market value in “ the early part of October ” was immaterial.
The judgment should be reversed, with $30 costs, and complaint dismissed, with costs.
Schreiber and Hecht, JJ., concur; Hofstadter, J., concurs in reversal, but votes that dismissal be without prejudice to a new action by the real party in interest.
Judgment reversed, etc.