## (October 27, 1959)

■ NATHAN TEPLITSKY, Respondent, v. LOUIS KAMENSKY et al., Appellants. JOSEPH SIMONOWITZ et al., Plaintiffs, v. J. S. GARLICK, INC., et al., Defendants.

Appeal from an order of the Supreme Court at Special Term, entered September 10, 1959, in Bronx County, which granted a motion by plaintiff-respondent for an order granting leave to increase the amount prayed for in the complaint from $75,000 to $300,000.

Order appealed from increasing the *ad damnum*, as amended, affirmed on the law and in the exercise of discretion, without costs to either party. For the purposes of the motion the medical affidavit of plaintiff's doctor was adequate and a further affidavit by plaintiff would have added nothing. Upon this record it cannot be said that Special Term abused its discretion in granting the motion (*Natale* v. *Great Atlantic & Pacific Tea Co.*, 8 A D 2d 781).

McNALLY, J. (dissenting). In this action for personal injuries, the order granting plaintiff-respondent leave to increase the *ad damnum* clause should be reversed and the motion denied.

The accident and injuries occurred on March 10, 1957. On the last day of the June 1959 Trial Term, this cause was placed number 1 on the Trial Calendar for September 8, 1959, apparently at plaintiff's request. On August 17, 1959, 27 months after the commencement of the action and 10 months after the service of plaintiff's bill of particulars, Special Term granted the motion of said plaintiff to increase the *ad damnum* clause from $75,000 to $300,000. Prior to August 17, 1959, there had been no suggestion or intimation of the plaintiff's intention to apply for said relief, this despite a number of pretrial conferences and plaintiff's statement of readiness.

An application for the increase of the damages demanded is addressed to the discretionary power of the court. The exercise of the power to grant leave to amend a pleading should be grounded on a showing of lack of full knowledge at the time of service of the original pleading, and, so far as the facts are within the knowledge of the moving party, should be substantiated by his affidavit. (*Mutual Loan Assn.* v. *Lesser*, 81 App. Div. 138, 140; *Bridge Hardware Co.* v. *Trager*, 1 A D 2d 823; *Natale* v. *Pepsi-Cola Co.*, 7 A D 2d 282, 284–285.)

In *Rhodes* v. *Lewin* (33 App. Div. 369, 370) this court said: "A motion was made for leave to amend the complaint by increasing the damages upon the ground that the injuries were more serious than they were supposed to be at the time the action was brought. The affidavit upon which the motion was founded was made by the plaintiff's attorney and not by the plaintiff, and no reason is given for the absence of an affidavit by the plaintiff. This fact alone would be sufficient to reverse the order. It is the well-settled practice that unless the facts upon which a motion is based are peculiarly within the knowledge of the attorney, the affidavit should be made by the party. In the case at bar the facts must have been peculiarly within the knowledge of

the plaintiff, and the affidavit of the attorney is necessarily founded upon information received from the party whose affidavit could easily have been produced."

This court had occasion to reiterate the requirement of a supporting affidavit by a person having knowledge of the facts on an application to increase the claimed damages in *Bridge Hardware Co.* v. *Trager* (*supra*), where it was said: "Proper papers would require averment by a person or persons, shown to have knowledge of the facts, and detailing the dates when the strike began and when it ended, when the facts were first learned of the claimed increased damages and the circumstances under which such knowledge was acquired."

The bill of particulars of the plaintiff, verified by his attorney on October 14, 1958, sets forth in full the plaintiff's injuries, his symptoms, his hospitalization in Royal and Mt. Sinai Hospitals and medical examinations on April 24, 1957, October 4, 1957 and July 19, 1958. This motion to increase the *ad damnum* clause was made on the affidavits of an assistant to trial counsel for plaintiff and a neurologist who first examined the plaintiff on October 4, 1957, and allegedly has examined him monthly since his discharge from Mt. Sinai Hospital on April 11, 1958. These affidavits are replete with hearsay. There is no affidavit by plaintiff and no stated reason for its absence. "The material facts excusing the failure or negligence necessitating the amendment, so far as they are within the knowledge of the client, must be shown by his affidavit, and the affidavit of the attorney * * * cannot be accepted on such applications in lieu of the affidavit of the client". (*Mutual Loan Assn.* v. *Lesser, supra,* p. 140.)

On this record it is indisputable that on October 14, 1958, when the bill of particulars was verified, plaintiff and his attorneys had full knowledge of all the relevant medical data. The supporting affidavits substantially are recast and rephrased matter appearing in the bill of particulars. Moreover, the instant application fails to disclose any injuries or symptoms not set forth in plaintiff's bill of particulars. (Cf. *Nagle* v. *Bryn Mawr Ridge,* 7 A D 2d 1007, holding the record showed seizures of greater frequency and intensity since commencement of action and service of the original bill of particulars.)

It is to be noted that no attempt is made to set forth the findings consequent on plaintiff's X rays, lumbar puncture, pneumoencephalography and vertebral angiography; further, that the plaintiff's symptoms, although largely subjective, are not substantiated by his affidavit. Two independent medical specialists from the impartial medical panel examined the plaintiff. The panel neurologist is of the opinion that plaintiff's complaints are "chiefly due to traumatic hysteria * * * and torticollis" (wry neck), and the panel orthopedist is of the opinion that plaintiff "has a neurological problem of wry neck and torticollis which in my opinion is on a psychogenic basis."

This case does not present inexperienced counsel unaware of the full implications of the alleged injuries. Plaintiff's attorney and counsel are experienced in the prosecution of actions for personal injuries.

There is a marked difference between a party's demand for damages and a judicially approved increase of such a demand on the eve of trial. A jury will not equate a court-approved increase of damages, if by mischance it comes to the jury's notice, with a party's subjective and prejudicial evaluation of his damages. When a party with full knowledge and the advice of experienced counsel makes an evaluation of his damages in an action for personal injuries, the court should not, either at Special Term or Trial Term, lend itself to a trial tactic immediately prior to trial which savors of a game of chance rather than a claim for adequate compensatory damages. Under these circumstances,

a defendant, at his peril, adverts to the original demand for damages, for the jury is then bound to assume that the court's action justifies the increased demand and suggests that the original amount demanded was much too niggardly.

Further, there has been undue and prejudicial delay in this application with full knowledge of the circumstances and the motion, in my opinion, to increase the *ad damnum* clause on the eve of trial should have been denied if for no other reason than the respondent is guilty of gross laches. The bill of particulars verified on October 14, 1958, claimed total and permanent disability. Thereafter, and after filing a certificate of readiness and note of issue, there were several pretrials. The case was at the top of the calendar for most of the June 1959 Term. Respondent neither suggested that the *ad damnum* clause was inadequate nor did he intimate that he intended to move to increase his claim.

Appellants suggest that the purpose of this last minute application is to coerce a large settlement or, failing that, to appeal to the jury on the *voir dire* and in the opening and closing that this is a $300,000 case without regard to its real value, bearing in mind that an excessive claim made in this manner might well engender prejudice. In *Natale* v. *Pepsi-Cola Co.* (7 A D 2d 282, 285, *supra*) we held that unless the increased amount demanded is consonant with the proof of damages and not excessive it can be prejudicial to defendant. It is incumbent upon a moving party in matters of this kind to show good faith and to give some explanation tending to excuse gross laches. A statement of the reasons for the delay would seem to me to be imperative; here they are totally lacking.

While I would be loth to deprive a litigant of his opportunity to present his entire claim to the court, nevertheless, the rights of a defendant should not be impaired or prejudiced. Since the commencement of this action, defendants have been defending an action for $75,000. Now, on the eve of trial, an attempt is made to subject the defendants to a liability of four times that amount. I am not in accord with this practice and it is my view that there must be some degree of finality to a demand for damages in a case of this kind. The papers, in my opinion, utterly fail to set forth facts to warrant granting of this application or to excuse the delay in making it.

There appears to be developing a pattern in actions for personal injuries whereby a motion of the kind and character here involved is utilized as an inarticulate but neverthless devastating argument to the jury on the issue of damages. (See *Natale* v. *Pepsi-Cola Co., supra*; *Natale* v. *Great Atlantic & Pacific Tea Co.*, 8 A D 2d 781.) The practical effect of mentioning an *ad damnum* clause on the *voir dire* or in the opening or closing to a jury is readily apparent. This court's observation, in the latter *Natale* case, that it gives no more weight to the increased amount than if it had been originally asserted does not, in my opinion, meet the reality of the situation.

Botein, P. J., Breitel, Stevens and Bastow, JJ., concur in decision; McNally, J., dissents in opinion.

Order appealed from increasing the *ad damnum,* as amended, affirmed on the law and in the exercise of discretion, without costs to either party.