RAYMOND J. NEWLAND, Plaintiff, *v.* GEORGE GOELZ et al., Defendants.

Supreme Court, Trial Term, Nassau County, May 7, 1962.

*Standard, Weisberg & Harolds* (*Malcolm B. Rosow* of counsel), for plaintiff. *Albert E. Schober* and *Frank B. Gass* for defendants.

MARIO PITTONI, J. At the close of the plaintiff's case, at the end of the whole case, and after the verdict, the defendants moved to dismiss the complaint on the ground that the plaintiff's exclusive remedy was under the Workmen's Compensation Law. I reserved decision on these motions.

The defendants contend that the plaintiff and the defendant driver were coemployees of the Roosevelt Volunteer Fire District, and that workmen's compensation was the plaintiff's exclusive remedy.

It is true that on August 5, 1955 both the plaintiff and the defendant driver were hurrying to a fire when they collided at an intersection. However, the undisputed testimony was that, while the plaintiff was an active member of Roosevelt's Fire Department, the defendant driver was only an applicant who was permitted to assist at fires, and was not sworn in as a member of the Fire Department until September 21, 1955, over six weeks after the accident. On the undisputed facts, I held as a matter of law that the defendant driver was not, at the time of the accident, a member of the Fire Department.

Furthermore, I now rule that the defense raised by the defendants at the trial for the first time, that the plaintiff's sole remedy was under the Workmen's Compensation Law, is not now available to the defendants, because of their failure to plead that defense. The answer contained mere general denials. The defendants had the full facts from the very inception of the case, they were given details in the bill of particulars, and they cannot claim surprise. Moreover, no attempt was made to amend the

answer at any time. In short, "such a plea is one based on collateral facts showing the action not to be maintainable, and must be pleaded affirmatively (Civ. Prac. Act, § 242) ". (*Massi* v. *Alben Bldrs.*, 270 App. Div. 482, 486 [1st Dept.], affd. 296 N. Y. 767.) Failure to plead, therefore, prevents the consideration of such facts and the motions must be denied.